**STATE of Iowa, Appellee,**

v.

**Arthur Richard BLACK, Appellant.**

**No. 62274.**

Supreme Court of Iowa.

Aug. 29, 1979.

———

Joseph L. Marks, of Marks & Marks, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Thomas D. McGrane, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, McCORMICK and McGIVERIN, JJ.

McGIVERIN, Justice.

After jury trial, defendant Arthur Richard Black appeals his conviction of robbery in the first degree in violation of sections 711.1 and .2, The Code 1979. Defendant urges that the trial court erred in overruling his motion for directed verdict and in overruling his objections to jury instructions. Black claims a fatal variance between the charge in the information and the proof, in that he was charged as a principal but convicted on evidence showing he was an aider and abettor to the robbery. We affirm.

In the early morning hours of January 29, 1978 a lone gunman carrying a sawed-off shotgun held several people at gunpoint while committing the robbery of Robert Rovin and taking several items from his Des Moines apartment. Defendant's auto, which matched the description of the getaway car given by the robbery victim, was observed by police pulling into the parking lot of a local hotel at approximately 2:00 a. m., a short time after the robbery. Two men got out of the car and entered the front door of the hotel. One of these men was positively identified at trial as the defendant. Several items taken during the robbery were visible in the car. The victim, Robert Rovin, identified the property as that taken from him in the robbery. Defendant was arrested. When the contents of the car were later inventoried at the police station, two shotguns were found inside the car. The second person seen by police in the car, when defendant drove up to the hotel, was never apprehended. The hotel clerk where Black resided stated that between nine and ten o'clock on the evening of the robbery, Black left the hotel with a man named "Junebug", whose physical description matched that of the shotgun-wielding man who committed the robbery.

The trial information charged defendant with robbery in the first degree of Robert Rovin while armed with a dangerous weapon in violation of sections 711.1 and .2, The Code.[1] The minutes of testimony were very

———

1. The trial information charged the defendant as follows:

    COMES NOW Rick L. Olson, Assistant County Attorney of Polk County, State of

detailed. The minutes stated Lloyd Brewer and Robert Rovin would testify that they observed the shotgun-wielding man, but the minutes did not state the man would be identified as the defendant. The minutes also provided that detective Larry Harris would testify that defendant admitted driving an individual to a place near the robbery scene, waiting in his car and after the individual's return, driving to a local hotel. At no time did defendant request a bill of particulars pursuant to Iowa R.Crim.P. 10(5).

During trial, testimony of individuals at the robbery scene conclusively showed that defendant was not the actual robber. Black admitted to police officers that he owned the car in which the victim's property was found, but denied he had robbed anyone. Defendant submitted to a polygraph test and stipulated that the results of the test would be admissible at trial. According to the testimony of the polygraph expert who administered the test, Black did not tell the truth when he denied planning the robbery and when he denied driving a person to commit the robbery.

Black's timely motions for directed verdict were overruled. He here claims error due to a variance between the State's evidence, showing another person actually robbed the victim, and the information charging that defendant committed the robbery.

Along the same line, defendant also objected to the court's instructions, which allowed the jury to find defendant guilty of robbery if the jury found that defendant aided or abetted another person in committing the robbery.

Black claims the State had the burden to prove his guilt substantially as alleged in the information, which did not mention the

theory of aiding and abetting. He urges that since an aiding and abetting theory was not alleged, the State's proof based on that theory can not sustain the essential elements of the robbery charge.

The principles governing review of an overruled motion for directed verdict are stated in *State v. Veverka*, 271 N.W.2d 744, 746–47 (Iowa 1978), and need not be repeated here. The general scope of our review is for correction of errors at law. Iowa R.App.P. 4.

In support of his position, defendant cites *State v. Bakker*, 262 N.W.2d 538, 542 (Iowa 1978); *State v. Houston*, 211 N.W.2d 598, 600 (Iowa 1973) and *State v. Hochmuth*, 256 Iowa 442, 127 N.W.2d 658 (1964). These cases are not helpful to his position. Each case dealt with the various *means* by which the crime of receiving stolen property, a violation of section 712.1, The Code 1977 and prior codes, could be committed, and stated that the prosecution must establish the crime was committed in the mode charged in the indictment. The cases did not involve the theory that a defendant aided and abetted a principal in committing the crime charged.

Defendant overlooks section 703.1, The Code 1979, which states:

All persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense or aid and abet its commission, *shall be charged, tried and punished as principals.* The guilt of a person who aids and abets the commission of a crime must be determined upon the facts which show the part he or she had in it, and does not depend upon the degree of another person's guilt.

(emphasis added).

In relation to section 688.1, The Code 1977, the predecessor to section 703.1, The

Iowa, and in the name and by the authority of the State of Iowa, accuses Arthur Richard Black of the crime of ROBBERY IN THE FIRST DEGREE, in violation of Sections 711.1 and 711.2, as defined in the Supplement to the 1977 Code of Iowa [.] And charges that the said Arthur Richard Black, on or about the 29th day of January, 1978, in the County of Polk and State of Iowa, did com-

mit robbery in the first degree upon Robert Rovin while armed with a dangerous weapon, and that during the commission of this offense, the said Arthur Richard Black represented that he was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm.

Code 1979, we said in *State v. Rydel*, 262 N.W.2d 598, 601 (Iowa 1978), that no fatal variance existed between pleading and proof when the information charged the defendant as a principal and the evidence showed he was an aider and abettor. We further stated: "To have charged defendant as an aider. and abettor in the county attorney's information would have been surplusage." *Id.* at 601; *see also State v. Johnson,* 162 N.W.2d 453, 455 (Iowa 1968) (conduct of one armed co-defendant during robbery attributable to another unarmed defendant).

We recently interpreted section 703.1, The Code 1979, in *State v. Sanders*, 280 N.W.2d 375 (Iowa 1979), in another context. That case involved the application of section 902.7, The Code 1979,[2] to an aider and abettor in a robbery case by reason of section 703.1. In *Sanders* we held that because section 703.1 provides that an aider and abettor shall be charged, tried and punished as a principal, the enhanced penalty or mandatory minimum sentence provisions of section 902.7 apply to aiders and abettors, as well as the offender who holds the firearm, in robbery cases.

Based on the foregoing and because section 703.1 provides that an aider and abettor *shall be charged, tried* and punished as a principal, we hold there was no fatal variance between the information charging the defendant as a principal and the proof that he was an aider and abettor to the robber who held the gun.

Having reached this conclusion, we find no merit in the contentions raised by defendant in connection with his motion to direct and his objections to jury instructions. The case is affirmed.

AFFIRMED.

---

**2.** Section 902.7, The Code 1979, provides:

At the trial of a person charged with participating in a forcible felony, if the trier of fact finds beyond a reasonable doubt that the person is guilty of a forcible felony and that the person represented that he or she was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm while participating in the forcible felony the convicted person shall serve a minimum of five years of the sentence imposed by law. A person sentenced pursuant to this section shall not be eligible for parole until he or she has served the minimum sentence of confinement imposed by this section.