**STATE of Iowa, Appellee,**

v.

**Judy Kay (Sorge) KERN, Appellant.**

**No. 64432.**

Supreme Court of Iowa.

June 17, 1981.

Wm. B. Norton of Norton & Freese, Lowden, for appellant.

Thomas J. Miller, Atty. Gen., Julie F. Pottorff, Asst. Atty. Gen., and Edward W. Kemp, Cedar County Atty., for appellee.

Considered by UHLENHOPP, P. J., and HARRIS, McGIVERIN, LARSON, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This is a companion appeal to *State v. Robert Lee Kern,* 307 N.W.2d 22 (Iowa 1981). We recited the facts in that case and will not repeat them here. The two defendants were tried jointly. Defendant Judy Kay (Sorge) Kern raises several issues in this appeal.

■ I. *Bill of particulars.* The county attorney filed a trial information containing lengthy minutes of testimony which spelled out in detail the State's version of the crime charged and the manner of its commission. By motion for a bill of particulars defendant sought to require the State to allege whether defendant herself inflicted the wounds which killed Ady Jensen and also the acts which constituted first-degree murder. The desired information was in the minutes of testimony and this obviated the need for further particulars. The district court correctly so ruled. *See State v. Marti,* 290 N.W.2d 570, 576–77 (Iowa 1980). In addition, the State offered to and did amend the information to allege its theory of the case: aiding and abetting or joint criminal conduct, under section 703.1 or 703.2, The Code 1979. We do not find merit in defendant's contention that the trial court erred in its ruling.

■ II. *Motion for judgment of acquittal.* Defendant contended by motion for acquittal and throughout the trial that the State had to prove Andrew J. Oglevie was

the very person who actually killed Ady Jensen, and that the State did not do so. The trial court overruled the motion. We have rejected a corresponding contention by Robert Lee Kern in his appeal, and our view expressed there applies here as well. The State must of course establish the corpus delicti—that Jensen was murdered by someone, *but see* W. LaFave & A. Scott, *Criminal Law* § 65, at 518 (1972) (defenses personal to principal)—and also that defendant aided or abetted the murderer or engaged in joint criminal conduct with him, but neither section 703.1 nor 703.2 requires that the identity of the principal or joint actor be established. To hold otherwise would be to retreat from the advance those sections were intended to accomplish over the common law. *State v. Wilson,* 236 Iowa 429, 444–45, 19 N.W.2d 232, 239 (1945). *See also Standefer v. United States,* 447 U.S. 10, 18–19, 100 S.Ct. 1999, 2005, 64 L.Ed.2d 689, 697 (1980); J. Yeager & R. Carlson, 4 *Criminal Law and Procedure* §§ 62, 63 (1979); W. LaFave & A. Scott, *supra,* § 63, at 500–01, § 65, at 517. The trial court did not err in overruling the motion for judgment of acquittal.

III. *Argument to jury.* The State was able to establish that a person was hired by the Kerns to kill Jensen and that the person accomplished the mission, but at the time of this trial the State was having difficulty obtaining direct evidence as to the identity of the claimed murderer, Oglevie. The investigation was continuing but Oglevie had not yet been arrested or charged.

Both defense counsel brought up this subject in their jury arguments. Robert Lee Kern's attorney argued the only connection the State could make between Oglevie and the crime was through the alleged accomplice, Jeanne Jensen. Judy Kay Kern's attorney argued he "knew this case should be closed" when the State "didn't arrest Andy Oglevie, the person that they say pulled the trigger."

The prosecutor rebutted this part of the arguments by arguing that Oglevie was not on trial and had not been arrested yet; that the State first dealt with Jeanne Jensen

and now with the Kerns, and Oglevie's time had not yet come; that the jury was not concerned with Oglevie's case; and that "When Mr. Oglevie is charged, he will have a jury of his own and they will have to decide the fate of Andrew Oglevie but that's not your decision here."

█ The prosecutor would have done better not to have indicated that Oglevie will be charged and tried. That may turn out to be the fact, but it was not shown by the record at the trial. On the other hand, to a considerable degree defense counsel asked for retaliation by their arguments. *State v. Brewer*, 247 N.W.2d 205, 214–15 (Iowa 1976).

We are also impressed by the lack of prejudice from this incident. *State v. Hall*, 235 N.W.2d 702, 712 (Iowa 1975). The prosecutor was right that the Kerns were on trial, not Oglevie, and that their guilt or innocence was to be determined on the facts presented regardless of whether Oglevie was ultimately convicted, acquitted, or never charged. This was because, contrary to defendant's contention, the State was not required to prove that Oglevie was the killer.

Trial courts have considerable discretion in weighing the effect of incidents of this kind because they are in a better position to do so. *State v. Mayes*, 286 N.W.2d 387, 392 (Iowa 1979). The trial court did not abuse its discretion in overruling defendant's motion based on this incident.

IV. *Instructions.* Defendant makes two principal contentions regarding the instructions.

A. Defendant objected to several instructions because they did not require the State to establish that Andrew J. Oglevie was the killer. We have already considered this contention in another connection and found it without merit.

█ In connection with this argument defendant also questions the sufficiency of the evidence of defendant's aiding and abetting or jointly acting. The record, however, viewed in the most favorable light to the State, *State v. Schrier*, 300 N.W.2d

305, 306 (Iowa 1981), abundantly establishes defendant's involvement from the initiation of the idea of hiring a killer to the making of the telephone call which alerted the killer that Jensen was on his way to the place where the killer was waiting.

█ B. Defendant also objected that the trial court did not repeat the word "allegedly" in the body of an instruction after using it in the introductory sentence. We regard this objection as overly technical. *State v. Jacoby*, 260 N.W.2d 828, 835 (Iowa 1977) ("We should avoid a minute, technical or hypocritical analysis.").

█ Moreover, this instruction did not give undue emphasis to certain testimony; rather, it properly pointed out that certain testimony was admissible as to one defendant but not as to the other. The codefendant was entitled to have the jury instructed that this testimony could not be used against him. *See State v. Cuevas*, 282 N.W.2d 74, 81 (Iowa 1979).

We do not find error in the instructions.

V. *Sentence.* Defendant received a mandatory life sentence under section 902.1 of the Code. She argues that this statute, applied to her, is unconstitutional, as it does not consider the specific facts and circumstances of her particular case and therefore constitutes cruel and unusual punishment.

█ The first-degree murder statute *does* consider and specify facts and circumstances, and where the facts and circumstances specified in the statute occur the penalty is life imprisonment. This is not a case involving the death penalty, and the special considerations applicable to those statutes are inapplicable here. *See Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976). The penalty is primarily for the legislature to prescribe. *State v. Jones*, 298 N.W.2d 296, 300 (Iowa 1980). We hold that life imprisonment for first-degree murder under section 902.1 is not cruel and unusual punishment. *State v. Horn*, 282 N.W.2d 717, 732 (Iowa 1979); *State v. Fuhrmann*, 261 N.W.2d 475, 479–80 (Iowa 1978).

Like the defendant in the companion case, this defendant was actively and well defended and received a fair trial. On the basis of substantial evidence, the jury found her guilty as charged. We uphold the judgment and sentence.

AFFIRMED.