**STATE of Iowa, Plaintiff-Appellee,**

v.

**Mitchell Thomas IRVIN,
Defendant-Appellant.**

**No. 67735.**

Court of Appeals of Iowa.

Feb. 23, 1983.

Douglas F. Staskal, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen. of Iowa, and Lona Hansen, Asst. Atty. Gen., for plaintiff-appellee.

JOHNSON, Judge.

The defendant, Mitchell Irvin, appeals from his conviction of burglary in the second degree. He challenges the sufficiency of the evidence and the trial court's application of the statute defining joint criminal conduct. We affirm defendant's conviction but remand this case to the trial court with directions to enter new conclusions of law and a new judgment.

The defendant was accused of participating with his brother in stealing Coca-Cola bottles from a Coca-Cola plant for the purpose of obtaining refunds on bottle deposits. The trial court, acting as a trier of fact, found that the two men climbed onto the roof of the plant and that defendant's brother reached through a broken window to extract the bottles. The two were apprehended while still on the roof.

The trial court concluded that the evidence was sufficient to prove the defendant's guilt of second-degree burglary by application of Iowa Code § 703.2, which defines "joint criminal conduct."

The trial court in its order found:

While the Defendant did not actually place his arm in the Coca Cola Bottling Company building, he was involved in joint-criminal conduct, as provided by in Section 703.2 of the Iowa Criminal Code [section 703.2 quoted]. The act was committed by Mitchell Thomas Irvin, in concert with his brother, Jerry Irvin....

The defendant filed an unsuccessful motion for new trial, contending that the trial court had erred in applying section 703.2. This appeal followed.

**I. Scope of Review.** Our review is on assigned error only. Iowa R.App. P. 4.

**II. Iowa Code § 703.2 (1981).** Defendant claims the trial court erred in determining that he was guilty by application of Iowa Code § 703.2 (1981). We agree with defendant that he was not guilty of joint criminal conduct.

Section 703.2 provides:

When two or more persons, acting in concert, knowingly participate in a public offense, each is responsible for the acts of the other done in the furtherance of the commission of the offense or escape therefrom, and his or her guilt will be the same as that of the person so acting, unless the act was one which the person could not reasonably expect to be done in the furtherance of the commission of the offense.

The most recent discussions of section 703.2 have occurred in the court's decisions of *State v. Kern,* 307 N.W.2d 29 (Iowa 1981), and *State v. McFadden,* 320 N.W.2d 608 (Iowa 1982). In *Kern* the defendant was prosecuted on a theory of aiding and abetting under section 703.1 and for joint criminal conduct under section 703.2. 307 N.W.2d at 30. Likewise, the defendant in *McFadden* was convicted under both the theories of aiding and abetting and joint criminal conduct, as well as the theory that he personally committed the crime. 230 N.W.2d at 610 (vicarious liability not possible, however, since there was no other "person"). In the present case the court relied solely on section 703.2.

We first must distinguish the theory of aiding and abetting from joint criminal conduct.

The aiding and abetting provision in section 703.1 thus relates to crimes which the defendant himself participated in to some degree, and which were jointly planned. A companion provision in section 703.2 of the Code relates to additional or other crimes committed by defendant's accomplices without defendant's personal participation, and without joint planning of the crimes.

K. Dunahoo, "The New Iowa Criminal Code," 29 Drake L.Rev. 237, 287 (1979–1980). The essential elements for imposing vicarious criminal liability on the basis of joint criminal conduct have been defined as:

The conditions are that he must be acting in concert with another, that he knowingly be participating in a public offense (defined at § 702.13), that a different crime be committed by another participant in furtherance of that offense, and that the commission of the other crime could reasonably have been foreseen.

J. Yeager & R. Carlson, Criminal Law and Procedure § 63 (1979). *See also* W. Lafave & R. Scott, Criminal Law § 65 at 515–17 (1972).

The record in the instant case shows that the defendant was charged with burglary in the second degree in violation of section 713.3. The testimony indicates that, on October 11, 1981, some pop bottles were taken from a bottle company through a broken window. There is no evidence that the defendant or his brother broke the window. Defendant's brother testified that he was the one who reached through the broken window and retrieved seven or eight large coke bottles, each with a deposit value of 20¢. After approximately five to ten minutes, the police were called to the scene and observed defendant on the roof. The officer noted that the window was broken, that defendant was found near a wall "aways" from the broken window, and that there were several pop bottles on the roof and on the ledge near the broken window. Defendant was booked at the station and the booking was taped. In response to the jailer's question as to whether defendant had any money, defendant stated that if he had any money he wouldn't be stealing pop bottles. Defendant's brother testified that the bottles were exchanged for cash. The court also rejected defendant's claim that he was intoxicated at the time of the crime.

We believe that the trial court erred in applying section 703.2 to the present facts. For that section to apply, a different crime must have been committed by another participant in furtherance of the charged

offense. Here the crime charged was burglary. It appears on the record that defendant's brother committed burglary, but there is no suggestion in the record that defendant's brother, the other participant, committed any other crime in furtherance of the offense of burglary. "The aiding and abetting provision in section 703.1 . . . relates to crimes which the defendant himself participated in to some degree . . . [;] section 703.2 . . . relates to additional other crimes committed by defendant's accomplices without the defendant's personal participation. . . ." K. Dunahoo, "The New Iowa Criminal Code," 29 Drake L.Rev. 237, 287 (1979–1980). We thus conclude the facts show that defendant *participated* in the crime of burglary and that, if he is guilty of the crime on the record before us, he must be guilty as an aider and abettor under section 703.1. (emphasis added).

■ **III. Aiding and Abetting.** Defendant argues that the trial court's failure to find him to be an aider and abettor amounts to "an implied aquittal of defendant as an aider and abettor of burglary." We disagree.

In reviewing a trial court's denial of a motion for new trial, "[g]enerally, the decision whether to grant a new trial rests within the sound discretion of the trial court, and that decision will not be disturbed on appeal unless the complaining party carries the heavy burden of proving that the trial court abused its discretion and prejudice resulted therefrom." *State v. Lindsey,* 302 N.W.2d 98, 101 (Iowa 1981). "However, when the *sole* determining factor in a trial court's decision to grant or deny a new trial involves a question of law, [the abuse of discretion] rationale is not applicable." *Id.* " '[T]he granting or refusal of a new trial on account of alleged errors of law occurring in the course of the trial is not a matter of discretion and is fully subject to review by the appellate court.' " *Id.* at 102 (quoting 58 Am.Jur.2d *New Trial* § 212 at 433). We find the latter principle applies in this instance.

Generally, "[a] new trial will be granted when the verdict is contrary to law, unless the accused has suffered no injury." 24 C.J.S. *Criminal Law* § 1451 (1961). The court in *State v. Still,* 208 N.W.2d 887 (Iowa 1973), defined "contrary to law" in the context of motions for new trials as meaning "contrary to principles of law as applied to the facts or issues which the jury was called upon to try." *Id.* at 890 (citing 24 C.J.S. *Criminal Law* § 1451). It is not the appellate court's function in a case reviewed at law to find facts on appeal and we refuse to do so. *See State v. Brant,* 260 Iowa 759, 764, 150 N.W.2d 621, 625 (1967). The facts in the present controversy have already been determined by the proper trier of fact. Our function is merely to determine whether the correct legal standards have been applied to those facts. While we find that the application of section 703.2 was erroneous, we do not believe that a new trial is necessary.

■ Defendant here does not complain that no allegation of joint criminal conduct was contained in the trial information charging him with second degree burglary.[1] Further, an information does not have to contain allegations that the accused is an aider and abettor, *State v. Black,* 282 N.W.2d 733, 735 (Iowa 1979); *see State v. Wedelstedt,* 263 N.W.2d 894, 899–900 (Iowa 1978) (the court affirmed the defendant's conviction as an accessory where the lower court had found defendant to be a principal), *id.,* although there may be "no fatal variance between the information charging the defendant as principal and the proof that he was an aider and abettor. . . ." *State v. Black,* 282 N.W.2d at 735. On the present record we find no prejudice to defendant in our affirming his conviction on the basis of aiding and abetting rather than joint criminal conduct.

In this regard, we find Iowa R.Crim. P. 23(c) to be applicable. The rule states, in part:

1. We do not address the issue of whether it is necessary specifically to allege joint criminal conduct in the information since defendant did not assign any error on this issue.

On a motion for a new trial in an action tried without a jury, the court may where appropriate, in lieu of granting a new trial, vacate the judgment if entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and enter judgment accordingly.

*Id.* We believe that the making of new conclusions of law is the appropriate vehicle to correct the error of law involved here, not the granting of a new trial.

■ Defendant claims that the findings of the trial court are not sufficient to impose liability on him since the court did not find he actively encouraged or participated in the entry of the premises under the principles of *State v. Jones,* 271 N.W.2d 761, 763 (Iowa 1978). We disagree. Beyond the facts already stated in this opinion, the trial court found that defendant knew why he and his brother were going to that building: to steal bottles. The court also found that the two were on the premises with no right, privilege or license. We find that there is substantial evidence in the record to support these findings of fact and that they, in turn, support our legal conclusion that defendant's acts constitute aiding and abetting. Accordingly, we affirm defendant's conviction but remand this case to the trial court which, pursuant to Iowa Rule of Criminal Procedure 23(c), should enter new conclusions of law and a new judgment in a manner consistent with this opinion.

CONVICTION AFFIRMED; CASE REMANDED WITH DIRECTIONS.