STATE of Iowa, Appellee,

v.

Orlando (NMN) RAMIREZ, Appellant.

No. 97–2012.

Supreme Court of Iowa.

July 8, 1999.

Linda Del Gallo, State Appellate Defender, and Shellie L. Knipfer, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Julie H. Brown, Assistant Attorney General, Paul L. Martin, County Attorney, and Carlyle D. Dalen, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, SNELL, and CADY, JJ.

PER CURIAM.

Defendant, Orlando Ramirez, appeals from the sentence entered upon his conviction of first-degree robbery. *See* Iowa Code §§ 711.1(1), 711.1(2), 711.2 (1997). Ramirez contends Iowa Code section 902.12, under which he is required to serve the maximum term of his sentence without possibility of parole, violates the state constitution's prohibition against cruel and unusual punishment, and also his right to equal protection under both the state and federal constitutions. Ramirez attributes any failure to preserve error on these claims to ineffective assistance of trial counsel. We affirm.

I. *Background Facts and Proceedings.*

On June 10, 1997, Janice Luse, a Wal-Mart store employee, noticed Ramirez leaving her sporting goods department carrying a pellet gun from a display. Luse stopped Ramirez and had him exchange the item for one in a box. Luse thought Ramirez was behaving strangely and informed the store manager, Tim Gebauer, about her concerns. Gebauer went looking for Ramirez and found him outside the store's lawn and garden center, sitting on a curb opening the gun box. Ramirez also had other merchandise, including a large foldable knife.

Gebauer asked for a receipt and Ramirez replied that he had left it inside. When Gebauer requested that he return to the store, Ramirez instead finished taking both the gun and knife out of their packaging, put the knife in his pocket, and began to walk away. Gebauer, accompanied by another employee, followed along urging

him back to the store. At some point Ramirez took the knife from his pocket, opened the blade, pointed it toward Gebauer and ordered him out of the way. After other store personnel arrived, however, Ramirez stopped and set down the merchandise. He then attempted to flee the area, but was followed by several employees and was soon apprehended.

Following a jury trial, Ramirez was convicted of first-degree robbery, a forcible felony, and was sentenced to an indeterminate twenty-five year term of incarceration. *See* Iowa Code §§ 702.11, 711.2, 902.9(1). In sentencing Ramirez, the district court noted that, by statute, he would not be eligible for release until he had served eighty-five percent of that time, or approximately twenty-one-and-one-half years. *See* Iowa Code §§ 902.12 (requiring person serving sentence for certain forcible felonies, including first-degree robbery, to serve 100% of maximum term), 903A.2 (allowing up to a fifteen percent reduction of a sentence covered by section 902.12). The court added that

[f]or what it's worth—and it's my understanding it's probably not worth anything—but for what it's worth, it's my belief that the sentence is disproportionate to the crime actually committed by the defendant. . . . I believe that to have the defendant serve twenty-one-and-a-half years before he's eligible for parole represents a disproportionate sentence. Nonetheless, as I understand the Code, neither I nor the parole board will have any discretion in that regard.

Ramirez appeals, challenging only his sentence. He contends that his punishment, affected by the limitation on parole and work release eligibility under Iowa Code section 902.12, is cruel and unusual in violation of the Iowa Constitution because its severity is disproportionate to the offense in light of the surrounding circumstances. He also contends section 902.12 violates his right under both the federal and state constitutions to equal protection of the laws because it irrationally imposes

on him parole restrictions which are not similarly imposed on defendants convicted of certain other forcible felonies.

## II. Error Preservation and Scope of Review.

 As a preliminary matter, Ramirez recognizes that he failed to make his constitutional arguments below. He incorrectly suggests this was unnecessary to preserve error for review. *See State v. Ceaser*, 585 N.W.2d 192, 195 (Iowa 1998). We will nevertheless consider the merits of Ramirez' claims because he has attributed this failure to preserve error to ineffective assistance of counsel, and we find the record is adequate to address the claims in this context on appeal. *See id.* We review de novo the totality of relevant circumstances. *Id.*

## III. Cruel and Unusual Punishment.

 Iowa's constitution, in language similar to that found in the United States Constitution, prohibits the State from inflicting cruel and unusual punishment. *Compare* Iowa Const. art. I, § 17, *with* U.S. Const. amend. VIII. Although we have authority to interpret language in our state constitution to expand on the personal liberties guaranteed by similar or identical provisions in the federal Constitution, we have been reluctant to exercise this authority, in part out of a desire for consistency. *See State v. Quintero*, 480 N.W.2d 50, 51 (Iowa 1992). In addressing Ramirez' state constitutional challenge to section 902.12, we will look to cases interpreting the comparable federal constitutional right.

 We recently rejected a claim that section 902.12 inflicted cruel and unusual punishment in violation of the federal Constitution. *See State v. Lara*, 580 N.W.2d 783 (Iowa 1998). In *Lara*, as here, the defendant was convicted of first-degree robbery and required by section 902.12 to serve 100% of his twenty-five year sentence, with only up to a fifteen percent reduction for good conduct time. *See* Iowa Code § 903A.2. We noted that "[t]he risk of death or serious injury to persons present when first-degree robbery is committed is high" and concluded that the resulting mandatory sentence, as severe as it was, did not lead to an inference of gross disproportionality. *Lara*, 580 N.W.2d at 785. We afford substantial deference to the legislature in setting the penalty for crimes; only extreme sentences that are grossly disproportionate to the crime can conceivably constitute cruel and unusual punishment. *Id.*

 Ramirez argues that his sentence is cruel and unusual because of various mitigating circumstances in his case which were not present in *Lara*. He emphasizes that he is mentally ill—a fact which was contested at trial—and is not a "hardened criminal," having only one prior felony conviction. He also points out no one was injured during the robbery.

In *State v. Kern*, 307 N.W.2d 29 (Iowa 1981), the defendant similarly argued that a statute imposing a mandatory life sentence, as applied to her, constituted cruel and unusual punishment because it failed to consider the specific facts and circumstances of her particular case. *Kern*, 307 N.W.2d at 31. In rejecting her claim, we responded:

> The first-degree murder statute *does* consider and specify facts and circumstances, and where the facts and circumstances specified in the statute occur the penalty is life imprisonment. This is not a case involving the death penalty, and the special considerations applicable to those statutes are inapplicable here. The penalty is primarily for the legislature to prescribe.

*Id.* (citation omitted). The first-degree robbery statute also considers and specifies certain facts and circumstances. Ramirez concedes that the evidence at trial established all of the elements of first-degree robbery. Notwithstanding the "mitigating" factors alluded to by Ramirez, his conduct still created the risk we re-

ferred to in *Lara.* We find his sentence does not constitute cruel and unusual punishment. *See also Harmelin v. Michigan,* 501 U.S. 957, 994–95, 111 S.Ct. 2680, 2701, 115 L.Ed.2d 836, 864–65 (1991) (finding mandatory life sentence was not cruel and unusual punishment despite failure to consider mitigating factors, such as defendant's lack of a felony record); *State v. August,* 589 N.W.2d 740, 742–43 (Iowa 1999) (rejecting individualized assessment of gravity of offenses in considering Eighth Amendment challenge to sentences for first-degree robbery and second-degree kidnapping); 24 C.J.S. *Criminal Law* § 1594, at 189 (1989).

### IV. *Equal Protection.*

■ We have also recently upheld section 902.12 against a challenge that it violated a defendant's equal protection rights under both the federal and state constitutions. *See* U.S. Const. amend. XIV, § 1; Iowa Const. art. I, § 6. In *State v. Ceaser,* the defendant was convicted of second-degree robbery, and was subject to the same 100% rule challenged by Ramirez. *Ceaser,* 585 N.W.2d at 193. Ceaser complained that there are numerous other forcible felonies, some seemingly more serious than second-degree robbery, to which section 902.12 does not apply.

In rejecting Ceaser's claim, we noted that "if the elements of the offenses are not the same, persons committing the crimes are not similarly situated and, therefore, may be treated differently for purposes of the Equal Protection Clause." *Id.* at 196 (citing *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313, 320 (1985)). We then pointed out that the elements of second-degree robbery are not identical to the elements of any of the other forcible felonies to which Ceaser referred. *Id.* at 197. We also articulated reasons why the legislature might wish to impose a harsher punishment on persons convicted of second-degree robbery than on those convicted of the other forcible felonies which were not encompassed by

section 902.12. *See id.* at 198–99. Applying a rational basis test, we found such a basis existed for the statutory distinctions, and concluded that section 902.12 was not unconstitutional. *Id.* at 199–200.

Ramirez makes the same argument as Ceaser with respect to his conviction of first-degree robbery. We reject it for the same reasons. As with second-degree robbery, the elements of first-degree robbery are not identical with the elements of the forcible felonies excluded from section 902.12's coverage. *Compare* Iowa Code §§ 711.1, .2, *with id.* § 708.3 (assault while participating in a felony); *id.* § 708.4 (willful injury); *id.* § 708.6 (terrorism); *id.* § 709.4 (third-degree sexual abuse); *id.* § 710.4 (third-degree kidnapping); *id.* § 712.2 (first-degree arson); *id.* § 713.3 (first-degree burglary); *and id.* § 726.6(2) (felonious child endangerment). Moreover, our analysis in *Ceaser,* which found a rational basis for distinguishing between second-degree robbery and other forcible felonies for the penal purposes of section 902.12, would apply at least as forcefully in a comparison substituting first-degree robbery, a more serious offense.

Ramirez' appellate counsel asserts in her reply brief "[t]hat there is a difference between a strong arm robbery and a petty, pathetic shoplifting assault by a low functioning homeless person." However apt this observation may be, the deterrence of first-degree robbery is a legitimate governmental interest which is rationally advanced by the sentencing scheme in question, imposed on all violators of the first-degree robbery offense. *Cf. State v. Hall,* 227 N.W.2d 192, 194 (Iowa 1975) ("The imposition of a mandatory prison sentence of all violators of drug-trafficking offenses enumerated in the statute ... cannot be said to lack a rational relationship to the legitimate governmental interest of deterrence of drug abuse and sales. Defendant's several arguments the statute violates equal protection rights are unconvincing."). Regardless of whether there might also be a

rational basis for treating differently some defendants convicted of first-degree robbery through subsequent individualized considerations for parole, section 902.12 does not violate Ramirez' equal protection rights. The wisdom of legislative acts is not subject to our review. *See id.* at 193.

## V. *Conclusion.*

We find the limitation on parole and work release eligibility imposed on Ramirez' sentence by Iowa Code section 902.12 does not constitute cruel and unusual punishment under the Iowa Constitution, nor does section 902.12 deny Ramirez his state and federal constitutional rights to equal protection of the law. In light of our conclusion that Ramirez' constitutional claims are without merit, his trial counsel was not ineffective in failing to raise them. *See Ceaser,* 585 N.W.2d at 195 ("Trial counsel is not incompetent in failing to pursue a meritless issue.").

**AFFIRMED.**