# IN THE COURT OF APPEALS OF IOWA

No. 3-1208 / 13-0209
Filed February 19, 2014


**RONALD D. HAY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Buchanan County, Todd A. Geer,

Judge.


Ronald Hay appeals from the denial of his application for postconviction

relief. **AFFIRMED.**


John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney

General, Shawn M. Harden, County Attorney, and Dustin S. Lies, Assistant

County Attorney, for appellee State.


Considered by Danilson, C.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Ronald Hay appeals from the denial of his application for postconviction relief. He argues his trial counsel was ineffective for failing to call a witness and in failing to object to or request a jury instruction. He argues his postconviction counsel was ineffective in failing to obtain the testimony of a different witness. Finally, he argues the prosecutor committed misconduct in surprising him at trial with an aiding and abetting theory. We affirm.

## I.    Facts and Proceedings.

This is the second time we have heard Hay's case on appeal. We set forth the facts here as written in the direct appeal:

> On September 30, 2005, a deputy sheriff came to Hay's home to talk to him about a motorcycle of his that was stolen. The deputy saw an overhead garage door was open and he walked inside looking for Hay. He noticed two LP tanks with altered fittings and valves and a bottle of Red Devil Lye drain opener. Eventually Hay came to the door of his home and told the deputy his brother was with him. At the deputy's request Hay stepped out and, when questioned, told the deputy the garage and the things in it were his. The two men went to the garage where the deputy inspected the tanks. There was a glass Frank's Sauerkraut jar containing liquid on a shelf, coffee filters, and white sediment. Hay denied the deputy's request to search his house and garage and a search warrant was obtained. Subsequently the officers additionally found Rooto drain opener, a garden hose, Red Devil Lye, an open lithium battery pack containing alkaline batteries, coffee filters, an empty starter fluid can, a light bulb smoking device, a Mason jar with Coleman fuel, a Mountain Dew bottle containing a white mixture with a rag in the bottle and a hose, four ketchup bottles containing salt, a box of glass tubes and beakers, a self-contained-breathing-apparatus mask, miscellaneous glassware, a notebook with Hay's name on it, three hypodermic needles, a spoon with white residue and a cotton ball, a finger scale, plastic baggies some marked with "25" and "100," a can of Coleman fuel, a scale with a small quantity of methamphetamine on it, a snort tube, and a shaving cream can with a false bottom that contained several small clear baggies.
> Three items were taken to the DCI laboratory. A criminalist with the division explained at trial the process of manufacturing

methamphetamine using the lithium-ammonia reduction method. She examined the three items seized from Hay. The items included a bilayer of liquid with coffee filters and solids. She took samples of the upper layer of the liquid and found it contained methamphetamine. She examined the lower level, which she found consistent with engine starting fluid and it contained ether in addition to methamphetamine, CMP [a by-product of manufacturing methamphetamine], and a precursor, pseudoephedrine. She examined a metal spoon containing a fiber wad and residue. She found the spoon had crystalline reside containing methamphetamine and dimethyl sulfone which is a veterinary product used as a cutting agent. There was a plastic bag containing a white crystalline substance and dimethyl sulfone.

*State v. Hay*, No. 06–1032, 2008 WL 2902172, at *2–3 (Iowa Ct. App. July 30, 2008).

Hay was arrested and a charged by trial information with manufacturing more than five grams of methamphetamine as a second offender. Trial before a jury commenced May 10, 2006. Hay testified and presented as his defense evidence the material in his garage belonged to another person. The jury found Hay guilty as charged on May 15, 2006. Hay appealed to this court. and we affirmed the trial court on July 30, 2008. *See id.* Hay filed an application for postconviction relief, alleging several claims of ineffective assistance of counsel and prosecutorial misconduct. Hay's original trial counsel died between the trial and postconviction proceedings. Hay and his mother testified at the postconviction proceeding, along with the trial court judge. The depositions of two police witnesses were submitted to the court after the hearing. On January 30, 2013, the postconviction court dismissed Hay's application. He appeals.

## II. Analysis.

We review claims of ineffective assistance of counsel de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). To demonstrate he was provided

with ineffective assistance, Hay must show both that his counsel performed deficiently and that but for this deficiency, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 142–43. We need not look to whether counsel's performance was deficient if Hay cannot demonstrate prejudice. *See id.* at 143. "[T]he nature of the ineffective assistance as well as the nature and strength of the evidence produced by the State at trial are important factors" when determining whether a defendant was prejudiced by his counsel's alleged deficiencies. *Id.* at 148.

A. *Failure to call witnesses.*

Hay's defense at trial consisted of alleging the methamphetamine production paraphernalia found by police in his house belonged to various other people. In the case of the sauerkraut jar, he argued the jar belonged to Todd Manley, who was arrested for manufacturing methamphetamine. He argues now that his trial counsel was ineffective for failing to call Mike Derbyshire, who was to testify that he helped unload Manley's belongings into Hay's garage. In its ruling on Hay's application for postconviction relief, the district court noted the evidence presented by this witness would have been cumulative to testimony offered at trial by another defense witness. We agree and therefore conclude Hay cannot demonstrate the requisite prejudice to establish his ineffective-assistance claim regarding this witness. *See id.* at 143.

Hay next argues his postconviction counsel was ineffective in failing to find and depose or otherwise secure Manley's testimony. He reasons, "Postconviction counsel knew that Hay's defense was that the jar and its contents belonged to Manley. Had postconviction trial counsel secured Manley's

testimony, said testimony would be available for consideration by the postconviction court." Hay does not argue now, and did not argue before the postconviction court, that his *trial counsel* was ineffective for failing to call Manley. It is unclear what issue Manley's testimony could have aided the postconviction court in deciding. Hay's postconviction arguments were: trial counsel was ineffective in failing to call Derbyshire, failing to object to jury instructions, and failing to request a spoliation instruction. He also raised prosecutorial misconduct, claiming he was excluded from conferences on jury instructions, and that his conviction was supported by insufficient evidence. Out of all of these claims, Manley's testimony could only pertain to the sufficiency of the evidence, and the district court correctly found we already determined that issue on Hay's direct appeal. We therefore find Hay's postconviction counsel did not breach an essential duty by failing to call Manley as a witness. *See id.* at 142.

> B. *Failure to object to aiding and abetting instruction and request accessory after the fact instruction.*

Hay next argues his counsel was ineffective in failing to object to an instruction on aiding and abetting the manufacture of methamphetamine. Instead, Hay argues his counsel should have requested an instruction on acting as an accessory after the fact. The district court dismissed this argument, stating the aiding and abetting instruction was appropriate in light of Hay's defense—that the items seized belonged to someone else. Hay relies on our rule that "[a]n accused may not be convicted as a principal on the theory of aiding and abetting for conduct that only supports an accessory after the fact." *State v. Hustead*, 538

N.W.2d 867, 870 (Iowa Ct. App. 1995). Hay argues he "simply testified that the jar containing evidence of methamphetamine was not his." However, he told police everything in the garage was his, testified he personally moved the jar into the garage, and he blamed others for the remaining manufacturing paraphernalia found inside his home. He stated he, along with two other people, wrote in a notebook containing instructions for the purchase of items to manufacture methamphetamine. This is not a situation where the evidence only supported a theory of Hay acting as an accessory after the fact. An objection to the aiding and abetting instruction would not have been effective; counsel therefore had no duty to request an accessory after the fact instruction. *See State v. Maxwell*, 743 N.W.2d 185, 197 (Iowa 2008) ("When the submission of a superfluous jury instruction does not give rise to a reasonable probability the outcome of the proceeding would have been different had counsel not erred, in the context of an ineffective-assistance-of-counsel claim, no prejudice results.").

   *C. Prosecutorial misconduct.*

   Hay's final argument is that the prosecutors committed misconduct when they failed to notify him before trial they would request an aiding and abetting instruction.[1] He argues "The State never charged Hay under a theory of aiding and abetting and the State's evidence did not support an aiding and abetting theory. Hay suffered prejudice because he was unable to adequately prepare a

---

[1] The State argues the prosecutorial-misconduct claim can only be raised in the context of an ineffective-assistance-of-counsel claim because it was not raised at trial. However, the State did not argue Hay's prosecutorial-misconduct claim was waived before the postconviction court. The postconviction court addressed Hay's prosecutorial misconduct claim on the merits. We therefore consider the issue as submitted by Hay. *DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002).

defense that would rebut this theory." Hay cites no authority for his claim an aiding and abetting theory could not be raised at trial. In fact, our supreme court has explicitly held such notice is not necessary. *Wilker v. Wilker*, 630 N.W.2d 590, 595 (Iowa 2001) ("We do not require the theory of aiding and abetting to be pled even in a criminal case where the loss of many fundamental interests are at stake."); *see also State v. Black*, 282 N.W.2d 733, 734 (Iowa 1979). We therefore affirm.

**AFFIRMED.**