# IN THE COURT OF APPEALS OF IOWA

No. 15-1230
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DARWIN BAKER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

The defendant challenges the denial of his pro se motion to correct an illegal sentence alleging a double jeopardy violation. **WRIT ANNULLED.**

Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**TABOR, Judge.**

In 1993 Darwin Baker entered a plea of guilty to two counts of sexual abuse in the second degree. At the plea hearing, Baker admitted breaking into a woman's home, forcing her to have sex against her will, beating her in the face, leaving the bedroom while his accomplice took a turn raping her, and "a little while later" returning to her room and doing "the same thing to her." The sentencing court imposed consecutive terms not to exceed fifty years.

In 2015 Baker filed a pro se motion to correct an illegal sentence, alleging he was subjected to multiple punishments for the same offense in violation of double jeopardy. The district court denied the motion, opining Baker should have raised the double-jeopardy issue in one of his previous postconviction-relief actions. On appeal, Baker contends the court erred in denying his motion without holding an evidentiary hearing.

We have decided the proper vehicle to challenge the denial of a motion to correct illegal sentence is a petition for writ of certiorari. *State v. Dempsey*, No. 15-1195, 2016 WL 3275306, at *2 (Iowa Ct. App. June 15, 2016). Certiorari review is discretionary. *Crowell v. State Pub. Def.*, 845 N.W.2d 676, 682 (Iowa 2014). We treat Baker's notice of appeal and briefing as a petition for writ of certiorari and grant the writ. *See* Iowa R. App. P. 6.108.

We review the district court's ruling on Baker's motion for the correction of legal error. *See State v. Maxwell*, 743 N.W.2d 185, 190 (Iowa 2008). To the extent we reach his constitutional claims, we exercise de novo review. *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009).

The parties clash over the fundamental question whether Baker raises an illegal sentence challenge. The answer matters because Baker's convictions date back more than two decades ago. He is no longer eligible for postconviction relief. *See* Iowa Code § 822.3 (2015) (imposing three-year time limit); *id.* § 822.8 (requiring grounds be all-inclusive). But an illegal sentence may be corrected at any time. Iowa R. Crim. P. 2.24(5)(a).

We start with the parameters of an illegal sentence. "[A] challenge to an illegal sentence includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional." *Bruegger*, 773 N.W.2d at 871.

Before *Bruegger*, constitutional challenges to sentences were governed by normal rules of error preservation and did not fall within the rubric of illegal sentences. *See State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995) (explaining an illegal sentence was one not authorized by statute and considering merger question under Iowa Code section 701.9). But *Bruegger* changed the landscape, holding a sentence that violated the constitutional prohibition against cruel and unusual punishment was not subject to the normal rules of error preservation. 773 N.W.2d at 870–72 (overturning *State v. Ramirez*, 597 N.W.2d 795, 797 (Iowa 1999)). In expanding the definition of an illegal sentence, the *Bruegger* court cautioned that its conclusion did "not mean that any constitutional claim converts a sentence to an illegal sentence." *Id*. at 871. Nor did the expanded definition "allow litigants to reassert or raise for the first time constitutional challenges to their underlying conviction." *Id.*

Baker asserts that contrary to the district court's conclusion, his double-jeopardy challenge is "in fact a claim that his sentence is illegal." He contends he received an improper second punishment for the same conduct. Baker alleges he was charged with two counts of second-degree sexual abuse based on "exactly the same conduct"—specifically committing the same impermissible sex act against the same person on the same day at the same location.

The State counters that if Baker were arguing his sentences were subject to merger under section 701.9 (which codifies the double-jeopardy protection against cumulative punishments) he could legitimately attack them as illegal. But the State contends Baker's challenge is not about merger: "Instead, the defendant only argues there is insufficient *factual* support for his two sexual abuse convictions because 'both charges were based on exactly the same conduct.'"

Faced with a similar debate about a year ago, our court recognized "conflicting case law" on the question whether unit-of-prosecution challenges strike at the substance of the conviction or the legality of a sentence.[1] *See State v. Sanchez*, No. 13-1989, 2015 WL 4935530, at *1 (Iowa Ct. App. Aug. 19, 2015) (citing *State v. Ross*, 845 N.W.2d 692, 701 (Iowa 2014); *State v. Copenhaver*, 844 N.W.2d 442, 447–52 (Iowa 2014); *State v. Velez*, 829 N.W.2d 572, 584 (Iowa 2013); *State v. Kidd*, 562 N.W.2d 764, 765–66 (Iowa 1997); and *State v.*

---

[1] In another unpublished case, our court concluded a defendant's claim that double jeopardy prevented him from being convicted and sentenced on more than one count of second-degree sexual abuse because the charges stemmed from a continuing offense involving only one victim was not a proper subject for a motion to correct illegal sentence. *State v. Trueblood*, No. 13-0687, 2014 WL 636167 (Iowa Ct. App. Feb. 19, 2014).

*Constable*, 505 N.W.2d 473, 477–78 (Iowa 1993)). The *Sanchez* court was not required to resolve the conflict because the defendant's double-jeopardy claim failed on the merits. *Id.* We take the same tack here.

Regardless of whether Baker is truly raising an illegal-sentence claim, his indeterminate fifty-year sentence did not violate double-jeopardy principles. Baker's motion to correct illegal sentence cited both the Fifth Amendment of the United States Constitution and article I, section 12 of the Iowa Constitution.[2] Only the Federal Double Jeopardy Clause protects against multiple punishments for the same offense.[3] *See Velez*, 829 N.W.2d at 584 (declining to evaluate claim under state constitution because Velez was not acquitted); *see also State v. Kocher*, 542 N.W.2d 556, 556 n.1 (Iowa 1996) (noting Iowa provision is "aimed at multiple *prosecutions*, not multiple punishments"). Under the Federal Double Jeopardy Clause, what punishments are constitutionally permissible coincide with what punishments the legislature intended to impose. *Velez*, 829 N.W.2d at 584 (identifying "key question" as "what the legislature intended would constitute a unit of prosecution" under the criminal statute).

The unit-of-prosecution question for sexual abuse prosecutions arose in *Constable*, 505 N.W.2d at 474. Our supreme court determined any single physical contact was a *separate act* sufficient to meet the definition of "sex act"

_____

[2] The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The state counterpart provides that "no person shall after acquittal, be tried for the same offence." Iowa Const. art. I, § 12.

[3] In an alternative argument, Baker urges that if we find he has not proven his sentence violated the double jeopardy clauses, we should nonetheless hold he is entitled to an evidentiary hearing under the Iowa Constitution's double jeopardy prohibition. Because the state clause does not protect against multiple punishments, we find no merit to Baker's request for a remand.

under Iowa Code section 702.17. *Id.* at 477–78. Therefore, when Constable engaged in five distinct acts of physical contact, each act constituted a separate crime of sexual abuse under section 709.1; the State did not violate his double-jeopardy protection when he was convicted and sentenced on all five counts. *Id.* at 478.

In his 1993 plea colloquy, Baker admitted twice forcing the victim to engage in sexual activity with him; his two distinct acts of physical contact with the victim were separated in time by his accomplice also forcing her to engage in a sex act. Given his admission to two sex acts, under *Constable*, Baker did not suffer double jeopardy by the court accepting his pleas and sentencing him for two offenses*. Id.* ("A defendant should not be allowed to repeatedly assault his victim and fall back on the argument his conduct constitutes but one crime." (emphasis omitted) (quoting *State v. Newman*, 326 N.W.2d 788, 793 (Iowa 1982))).[4] The district court properly denied Baker's motion to correct an illegal sentence.

**WRIT ANNULLED.**

---

[4] Our court recently relied upon *Constable* in rejecting a similar claim by a defendant that double jeopardy prevented him from being convicted on two counts of sexual abuse when the jury found two distinct sex acts. *Bryson v. State*, ___ N.W.2d ___, ___, 2016 WL 3556325, at *5–6 (Iowa Ct. App. June 29, 2016).