# IN THE COURT OF APPEALS OF IOWA

No. 15-0266
Filed June 15, 2016

**DARRELL SMITH,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Arthur E. Gamble, Judge.

A postconviction-relief applicant appeals the district court's denial of his application. **AFFIRMED.**

Darren J. Robinson of McEnroe, Gotsdiner, Brewer, Steinbach, & Rothman, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kelli A. Huser, Kevin Cmelik, and Katherine M. Krickbaum (until withdrawal), Assistant Attorneys General, for appellee State.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Darrell Smith appeals the district court's denial of his application for postconviction relief (PCR), in which the district court concluded Smith's claims were time-barred. In 1997, Smith was convicted of two counts of first-degree murder charged on alternate theories of premeditated murder and felony murder based upon the predicate felony of robbery. The jury returned a general guilty verdict. Smith's convictions were affirmed on direct appeal in 1999, and prior postconviction-relief actions have been denied. *See Smith v. State*, No. 06-1784, 2008 WL 375101, at *1 (Iowa Ct. App. Feb. 13, 2008) (noting procedural history of Smith's conviction and PCR actions).

In 2013, our supreme court issued an opinion in *Nguyen v. State*, 829 N.W.2d 183, 188 (Iowa 2013), in which the court determined its ruling in *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006), was a new ground of law so as to excuse the three-year statute-of-limitations bar for PCR cases. *See* Iowa Code § 822.3 (2013) (noting all actions for postconviction relief must be filed within three years from the date the conviction becomes final or the procedendo is issued in the case of a direct appeal). Because Nguyen had filed his PCR application within three years of the *Heemstra* decision, Nguyen's case was remanded for the district court to consider the merits of Nguyen's constitutional claims that *Heemstra* should be retroactivity applied. *Nguyen*, 829 N.W.2d at 189.

Smith filed the current PCR application in February 2014, asserting the ruling in *Nguyen* constitutes a new ground of law that could not have been raised within three years of his conviction becoming final. He claims he is in a similar

position as Nguyen because he was convicted of first-degree murder under both the premeditated and felony-murder alternatives and the three-year PCR statute of limitations ran before *Heemstra* was decided. However, unlike Nguyen, Smith did not file his PCR application within three years of the *Heemstra* decision. Instead Smith waited until Nguyen's challenge to the three-year PCR statute of limitations was successful before filing his own PCR challenge. Smith thus claims the *Nguyen* holding was itself a new ground of law when it held the *Heemstra* decision was a new ground of law allowing Nguyen to avoid the three-year statute of limitations. He is attempting to leap frog his way past the three-year statute of limitations contained in section 822.3 to have a chance to argue the *Heemstra* decision should be retroactively applied to his case.[1]

The district court denied Smith's argument, and we, in many unpublished opinions, have denied similar arguments on appeal.[2] We affirm the district court's conclusion Smith's PCR application is barred by the three-year statute of limitations without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (d), (e).

**AFFIRMED.**

---

[1] We note that despite his success in getting past the three-year statute of limitations, the merits of Nguyen's arguments—that the Iowa and United States Constitutions require the *Heemstra* decision to be retroactively applied—were rejected by the supreme court. *See Nguyen v. State*, ___ N.W.2d ___, ___, 2016 WL 920320, at *9–14 (Iowa 2016). The *Heemstra* holding remains nonretroactive.

[2] *See Burkett v. State*, No. 14-0998, 2015 WL 5278970, at *3–4 (Iowa Ct. App. Sept. 10, 2015); *see also Moore v. State*, No. 14-1241, 2016 WL 1358489, at *2–3 (Iowa Ct. App. Apr. 6, 2016); *Sihavong v State*, No. 14-0440, 2016 WL 351286, at *2 (Iowa Ct. App. Jan. 27, 2016); *Thompson v. State*, No. 14-0138, 2015 WL 1332352, at *1 (Iowa Ct. App. Mar. 25, 2015); *Bear v. State*, 13-2077, 2015 WL 1054977, at *1 (Iowa Ct. App. Mar. 11, 2015); *Claybon v. State*, No. 12-1396, 2014 WL 1999057, at *2 n.4 (Iowa Ct. App. May 14, 2014).