# IN THE COURT OF APPEALS OF IOWA

No. 15-1017
Filed August 17, 2016

**LAWRENCE GLADSON,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Paul R. Huscher, Judge.

A defendant asserts that his postconviction relief counsel was ineffective and appeals the dismissal of his application for postconviction relief as being barred by the statute of limitations. **AFFIRMED.**

Jacob Mason of JL Mason Law, P.L.L.C., Ankeny, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Lawrence Gladson appeals following the district court's dismissal of his third application for postconviction relief (PCR). Gladson contends his PCR counsel was ineffective for failing to develop a sufficient record at the PCR hearing when his attorney and the State agreed the court could take judicial notice of Gladson's criminal file without directing the court to any particular section of that file. He further contends that the district court erred in dismissing his PCR application as being barred by the statute of limitations. We affirm.

In 1986, Gladson was convicted on three counts of first-degree robbery and one count of first-degree murder. For the murder, he was sentenced to life in prison, and for the robbery counts, he received three consecutive twenty-five-year sentences. His convictions were affirmed on direct appeal, and prior postconviction relief actions filed in 1992 and 2008 were denied. The current PCR application was filed in June 2014. The matter proceeded to a hearing, and Gladson's PCR counsel, together with the State, consented to the court taking judicial notice of the underlying criminal file. No other evidence was submitted, but counsel for both sides offered legal argument to the court regarding the application of the three-year statute of limitations for PCR actions. *See* Iowa Code § 822.3 (2013). Gladson contended that the cases of *State v. Smith*, 739 N.W.2d 289 (Iowa 2007), and *Nguyen v. State*, 829 N.W.2d 183 (Iowa 2013), together amount to a new ground of law that could not have been raised within three years of the finality of his convictions. *See* Iowa Code § 822.3.

The PCR court denied Gladson's application, finding the case of *Smith* was not a change or a clarification of Iowa law regarding the joint-criminal-

conduct theory. The court noted the case of *State v. Irvin*, 334 N.W.2d 312 (Iowa App. Ct. 1983), was decided twenty-four years before *Smith* and two years prior the crimes at issue in Gladson's case, and the law announced in *Irvin* was identical to the law articulated in *Smith*. *Compare Irvin*, 334 N.W.2d at 314–15 (noting for joint criminal conduct to apply "a different crime must have been committed by another participant in furtherance of the charged offense"), *with Smith*, 739 N.W.2d at 294 (noting the "present law . . . for a person to be found guilty by reason of joint criminal conduct" requires the State to prove "[a] 'different crime' must be committed by another participant in the furtherance of the defendant's offense"). In addition, the PCR court found the *Smith* court's suggestion that future joint-criminal-conduct jury instructions be written to incorporate the elements set forth in the opinion was not a change in the law itself.[1]

We note Gladson's PCR action was not filed within three years of *Smith*, the case Gladson claims changed the law with respect to the joint-criminal-conduct jury instruction. *See Nguyen*, 829 N.W.2d at 186 (noting Nguyen filed his PCR action within three years of *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006), the case that changed the law with respect to the felony-murder rule). In order to overcome this time bar, Gladson claims the case of *Nguyen*, 829 N.W.2d at 188–89, also changed the law. Thus, he—like many other PCR applicants—is

---

[1] *See Chadwick v. State*, No. 14-1922, 2016 WL 3281253, at *1 (Iowa Ct. App. June 15, 2016) ("If *Smith* is a clarification of existing substantive law, it may be applied retroactively, but it is not a new ground of fact or law, and his claim is time-barred. If *Smith* is a change to substantive law, it may be a new ground of fact or law, but we are not required to apply it retroactively to Chadwick's case. What Chadwick does not explain is how *Smith* can be both a clarification of the law and a ground he could not have raised within the three-year time bar. *See Perez v. State*, 816 N.W.2d 354, 361 (Iowa 2012). Given that internal contradiction, he cannot prevail.").

attempting to use *Nguyen* to leap frog his way past the three-year statute of limitations in section 822.3. *See Smith v. State*, ___ N.W.2d ___, ___, 2016 WL 3282209, at *1 (Iowa Ct. App. 2016). We have repeatedly rejected such attempts. *See id.* at *1 n.2. Even assuming without deciding *Smith*, 739 N.W.2d at 295, changed the law with respect to the joint-criminal-conduct jury instruction, *Nguyen* did not change the law with respect to three-year statute of limitations in section 822.3. The district court's dismissal of Gladson's PCR application based on the three-year statute of limitations is affirmed.[2]

**AFFIRMED.**

---

[2] Because we find the PCR application was properly dismissed on statute-of-limitations grounds, we need not reach Gladson's other claim on appeal—that his PCR counsel was ineffective for not making "a specific statement of the judicially noticed items," other than agreeing to have the underlying criminal court file judicially noticed, in support of his PCR application.