**IN THE COURT OF APPEALS OF IOWA**

No. 15-1826
Filed November 9, 2016

**SAMMY LEMORRIS CLAYTON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Des Moines County, Michael J.

Schilling, Judge.

        Applicant appeals from the order dismissing his application for

postconviction relief as time-barred.  **AFFIRMED.**

        Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee State.

        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

In January 2006, Sammy Clayton pleaded guilty to murder in the second degree and was sentenced to fifty years' incarceration. More than eight years later, Clayton filed an application for postconviction relief pursuant to Iowa Code chapter 822 (2013), asserting several claims of ineffective assistance of counsel. On the State's motion, the district court dismissed the application as time-barred. *See* Iowa Code § 822.3 (requiring "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued"). Clayton timely filed this appeal.

On appeal, Clayton challenges the dismissal of a single claim—his lawyers were ineffective in not advising him of the potential defense of diminished capacity and in not advising him they had scheduled and canceled a diminished-capacity examination prior to him pleading guilty. Clayton contends the district court erred in dismissing this claim as time-barred because it falls within a recognized exception to the statute of limitations. Specifically, the claim is predicated on a "ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. Our review is for the correction of legal error. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

Like the district court, we conclude the ground-of-fact exception is inapplicable here. To be considered a ground of fact that could not have been asserted within the required time period, the asserted ground of fact must be one that could not have been presented at trial, is relevant to the challenged conviction, and has a nexus with the conviction. *See Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). Because Clayton is challenging his guilty plea,

the ground of fact must be material to the decision to plead guilty. *See State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006). Clayton contends the "ground of fact" is his lawyers did not advise him of the defense of diminished capacity and did not advise him they scheduled and canceled a diminished-capacity examination. These facts are not "grounds of fact" within the meaning of the exception to the statute of limitations. The facts were known at the time of the plea. Clayton "is charged with knowledge of matters known to [his] attorney, which matters the attorney learns through the course of representing [him]. In short, knowledge of an attorney is knowledge of the client." *Carroll v. Martir*, 610 N.W.2d 850, 859 (Iowa 2000). In addition, the facts were certainly known or could have been discovered within three years of Clayton's guilty plea, i.e., they could have been timely presented in postconviction-relief proceedings.

Like the district court, we also conclude the ground-of-law exception is inapplicable here. To be considered a ground of law that could not have been raised, there needs to be "a change in the law that would [affect] the validity of the conviction." *State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989). Clayton contends that *Castro*, by disavowing *Speed v. State*, 616 N.W.2d 158 (Iowa 2000), constitutes a ground of law that could not have been timely asserted. We disagree that *Castro* constitutes a change in law within the meaning of our cases, but we need not delve into the merits of the issue. Even assuming *Castro* constituted a change in law, Clayton's claim was not asserted within three years of the *Castro* decision and is thus barred. *See Perdue v. State*, No. 15-1237, 2016 WL 4036173, at *1 (Iowa Ct. App. July 27, 2016) (holding claim was time-barred where not filed "within three years of the cases

that he contends changed the law"); *Smith v. State*, 882 N.W.2d 126, 128 n.2 (Iowa Ct. App. 2016) (collecting similar cases).

We summarily dispose of several other claims. Clayton raises two procedural arguments: (1) the State's motion for summary disposition was untimely; and (2) the State's motion was not properly supported because the State failed to file a statement of undisputed facts and memorandum of authorities with the motion. The claims are without merit. With respect to the first, the motion was filed within the time provided in section 822.6 and extended by section 4.1(34). With respect to the second, there is no *requirement* that the motion for summary disposition be supported in the manner Clayton demands. In addition, Clayton suffered no prejudice from the alleged defect—his claims remain barred as a matter of law. Finally, we have considered the claims raised in Clayton's pro se supplemental brief. The claims are barred by section 822.3, and no exception to the statute of limitations is applicable.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**