# IN THE COURT OF APPEALS OF IOWA

No. 15-2067
Filed June 7, 2017

**DAVID M. GONZALES BECERRA,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Kathleen A. Kilnoski, Judge.

David Gonzales Becerra appeals the denial of his application for postconviction relief. **AFFIRMED.**

Brian S. Munnelly of Munnelly Law Office, Omaha, Nebraska, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., McDonald, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**DOYLE, Presiding Judge.**

David Gonzales Becerra appeals the denial of his application for postconviction relief (PCR), which challenges his conviction of first-degree murder for the role he played in the 2003 death of Oscar Flores. This court affirmed his conviction on direct appeal in *State v. Becerra*, No. 04-0567, 2005 WL 3115330, at *1 (Iowa Ct. App. Nov. 23, 2005). Nearly eight years after our supreme court denied further review, Gonzales Becerra initiated this PCR action. The district court determined his claims were time barred and denied the application.

We review PCR applications for corrections of errors at law unless they raise constitutional issues. *See Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). We review a district court's ruling finding a PCR application was untimely for correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519-20 (Iowa 2003). "[W]e will affirm if the [PCR] court's findings of fact are supported by substantial evidence and the law was correctly applied." *Id.* at 520.

Iowa Code section 822.3 (2013) requires PCR applications to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Procedendo issued on February 15, 2006, and Gonzales Becerra initiated this PCR action on December 5, 2013. Therefore, Gonzales Becerra's application is untimely.

Gonzales Becerra argues his claims fall within the exception for a ground of law that could not have been raised within the applicable time period. *See* Iowa Code § 822.3. He bears the burden of showing the exception applies to his PCR application. *See Cornell v. State*, 529 N.W.2d 606, 610 (Iowa Ct. App.

1994). His PCR application relies on the following cases, which he argues qualify as a new ground of law that could not have been raised within the three-year limitation period: *State v. Schuler*, 774 N.W.2d 294 (Iowa 2009); *Wyatt v. Iowa Dep't of Human Servs.*, 744 N.W.2d 89 (Iowa 2008); *State v. Smith*, 739 N.W.2d 289 (Iowa 2007); and *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006).[1] Even assuming these cases qualify as a new ground of law,[2] Gonzales Becerra's claims still fail. In order for an untimely PCR application to fall within the section 822.3 exception, the application must be filed within three years of the time the new ground of law is decided. *See, e.g.*, *Clayton v. State*, No. 15-1826, 2016 WL 6636771, at *1 (Iowa Ct. App. Nov. 9, 2016). Gonzales Becerra's application was filed more than three years after the cases cited.

Gonzales Becerra also claims the statute of limitations for PCR actions does not apply to cases involving structural errors that affect "the framework

---

[1] Gonzales Becerra also relies on two other cases that were filed within three years of his PCR application. However, neither places this PCR action within the section 822.3 exception. In *Nguyen v. State*, 829 N.W.2d 183, 188-89 (Iowa 2013), the supreme court held the *Heemstra* ruling was a new ground of law that falls within the exception to the statute of limitations for those PCR actions filed within three years of *Heemstra* being decided. However, the *Nguyen* decision is not a new ground of law on which a PCR applicant may rely to lengthen the time period for challenging a conviction under *Heemstra*. *See Smith v. State*, 882 N.W.2d 126, 127-28 (Iowa Ct. App. 2016) (holding a PCR applicant cannot use *Nguyen* "to leap frog . . . past the three-year statute of limitations contained in section 822.3 to have a chance to argue the *Heemstra* decision should be retroactively applied"). Gonzales Becerra also argues that *State v. Ambrose*, 861 N.W.2d 550 (Iowa 2015), which was filed after his PCR action was initiated, shows the supreme court "is poised to clarify an area of the law" regarding whether a jury should be instructed it has the right to review all of the lesser-included offenses before making its decision. However, the *Ambrose* court did not address this question because it found the defendant suffered no prejudice from the challenged instruction. 861 N.W.2d at 558-59.

[2] Our court has already held that two of these decisions only clarify existing law rather than represent a new ground of law. *See, e.g.*, *Palmer v. State*, No. 14–1328, 2016 WL 6396168, at *2 (Iowa Ct. App. Oct. 26, 2016) (holding *Smith* "was an expression of current or preexisting law and did not constitute new law"); *Jones v. State*, No. 12–0706, 2013 WL 4506167, at *3 (Iowa Ct. App. Aug. 21, 2013) (holding *Schuler* clarified rather than changed the law).

within which the trial proceeds." *Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011). We have expressly rejected this argument. *See Avina v. State*, No. 11-1780, 2013 WL 1452949, at *3 (Iowa Ct. App. Apr. 10, 2013) ("Chapter 822 applies to constitutional violations, which would include 'structural errors.' The statute of limitations in section 822.3 would apply to this argument and, absent a showing of new facts, would bar the application." (internal citation omitted)). Gonzales Becerra offers no other availing argument concerning the timeliness of his PCR application. Because the district court properly denied the PCR action as untimely, we affirm.

**AFFIRMED.**