# IN THE COURT OF APPEALS OF IOWA

No. 17-0795
Filed May 2, 2018

**ROGER PEGRAM,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Polk County, Arthur E. Gamble,
Judge.


　　Roger Pegram appeals from the dismissal of his second application for
postconviction relief. **AFFIRMED.**


　　Jeffrey M. Lipman and Arielle M. Lipman of Lipman Law Firm, P.C., West
Des Moines, for appellant.

　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney
General, for appellee State.


　　Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Roger Pegram appeals from the dismissal of his second application for postconviction relief after the district court granted the State's motion for summary disposition. We affirm.

### I. Background Facts and Proceedings.

In May 1991, Roger Pegram was convicted of first-degree murder, and this court affirmed his conviction on direct appeal. *See Pegram v. State*, No. 99-1093, 2001 WL 913817, at *1 (Iowa Ct. App. Aug. 15, 2001). Pegram subsequently filed an application for postconviction relief (PCR), which was denied and dismissed by the district court. *See id*. We affirmed the denial and dismissal on appeal. *See id*.

In March 2016, Pegram filed a second PCR application, based upon the Iowa Supreme Court's ruling in *Nguyen v. State*, 829 N.W.2d 183, 188 (Iowa 2013). In *Nguyen*,

> the court determined its ruling in *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006), was a new ground of law so as to excuse the three-year statute-of-limitations bar for PCR cases. *See* Iowa Code § 822.3 (2013) (noting all actions for [PCR] must be filed within three years from the date the conviction becomes final or the procedendo is issued in the case of a direct appeal). Because Nguyen had filed his PCR application within three years of the *Heemstra* decision, Nguyen's case was remanded for the district court to consider the merits of Nguyen's constitutional claims that *Heemstra* should be retroactiv[ely] applied. *Nguyen*, 829 N.W.2d at 189.

*Smith v. State*, 882 N.W.2d 126, 127 (Iowa Ct. App. 2016). In his PCR application, Pegram basically argued he is in a similar position as Nguyen because he was convicted of first-degree murder and the three-year PCR statute of limitations ran before *Heemstra* was decided. However, unlike Nguyen, Pegram did not file his

PCR application within three years of the *Heemstra* decision. Instead Pegram waited until Nguyen's challenge to the three-year PCR statute of limitations was successful before filing his own PCR challenge.

The State subsequently filed a motion for summary judgment and dismissal. *See* Iowa Code § 822.6 (2016). The State argued *Nguyen* did not provide an exception to the three-year statute of limitations set out in section 822.3, and Pegram's PCR application was time-barred by more than twenty years. Following a hearing on the State's motion, the district court granted the State's motion for summary disposition and dismissed Pegram's PCR application.

Pegram appeals.

## II. Standard of Review.

We review PCR proceedings, including the summary disposition of a PCR application, for correction of errors at law. *See Moon v. State*, ___ N.W.2d ___, ___ (Iowa 2018). Summary disposition is appropriate when, viewing the facts in the light most favorable to the nonmoving party, "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *See* Iowa Code § 822.6; *see also Moon*, ___ N.W.2d at ___ ("We apply our summary judgment standards to summary disposition of [PCR] applications. Therefore, on further review we will apply our summary judgment/disposition standards."); *Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002) (noting "the principles underlying summary judgment procedure apply to motions of either party for disposition of an application for [PCR] without a trial on the merits"). These same

summary-dismissal standards apply "to the statute-of-limitations issue." *Moon*, ___ N.W.2d at ___.

### III. Discussion.

"[T]o conserve judicial resources, promote substantive goals of the criminal law, foster rehabilitation, and restore a sense of repose in our system of justice," our legislature limited the time to bring PCR actions. *Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994). To that end, section 822.3 expressly provides that "[a]ll . . . applications must be filed within three years from the date the conviction or decision is final, or in the event of an appeal, from the date the writ or procedendo is issued." The legislature did include an exception: "[T]his limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. Consequently, "to avoid the three-year statute of limitations contained in section 822.3, an applicant must show he or she could not have raised the ground of fact within the applicable time period." *Schmidt v. State*, ___ N.W.2d ___, ___ (Iowa 2018). Additionally, the applicant "must show the ground of fact is relevant to the challenged conviction." *Id.* "It would be absurd to toll the statute of limitations pending the discovery of a trivial fact that could not possibly affect the challenged conviction." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). "Every limitation statute sets up an arbitrary date after which certain actions cannot be brought or certain rights cannot be enforced. One cannot escape the effect of such statutes by showing they were only violated a little bit." *In re Detention of Fowler*, 784 N.W.2d 184, 190-91 (Iowa 2010). At the summary-disposition stage, to overcome a challenge based upon the running of the statute of limitations, an applicant does not have to prove the

"fact would likely or probably have changed the outcome of the underlying criminal case." *Schmidt*, ___ N.W.2d at ___. Rather, the applicant must show the ground of fact is "of the type that has the potential to qualify as material evidence for purposes of a substantive claim under section 822.2." *Id.*

Here, Pegram's arguments are two-fold. First, he argues the court "abused its discretion in dismissing the [PCR application] without first allowing counsel the opportunity to review the criminal file." He also asserts his PCR counsel was ineffective in failing to amend his PCR application to "raise and cite to recent dispositive case law."

### A. Discovery.

There is no question that the three-year limitation period has run. Thus, summary disposition and dismissal of his application is proper unless Pegram establishes a genuine issue of material fact exists as to whether he could have raised the ground of fact or law within the applicable time period. *See Moon*, ___ N.W.2d at ___. Pegram insists his most recent PCR counsel should have been allowed time to review his criminal file to see if there were any violations of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), which held "failure of prosecution to disclose evidence that may be favorable to the accused is a violation of the Due Process Clause of the Fourteenth Amendment." *Harrington*, 659 N.W.2d at 516. But there is neither evidence nor a factual allegation specific to a *Brady* violation here, nor is there any explanation as to why such violation could not have been brought within the applicable time period. *See* Iowa Code § 822.3; *see also id.* § 822.8 ("All grounds for relief available to an applicant under this chapter must be raised in the applicant's original . . . application . . . unless the court finds a ground for

relief asserted which for sufficient reason was not asserted or was inadequately raised in the original . . . application."). When Pegram was given an opportunity to explain his current PCR claims at the latest hearing, he stated:

> Here's where I'm at on this. I believe that the felony murder rule was found unconstitutional through *Heemstra*. I think we all understand that. Maybe I'm wrong. However, I think the highest courts have found that not applying *Heemstra* retroactively concerning that felony murder rule would be unconstitutional considering *Nguyen* in other cases since *Nguyen*.
> Now, all this other extraneous stuff that we're talking about right now in this summary judgment claim by the State in wanting to dismiss the case and all that, you know, I'm—I'm resisting that, of course.
> But I think that we all understand what's going on here and it's all unconstitutional. That felony murder rule thing is unconstitutional. I think this summary judgment thing should be denied.

There was no allegation of any *Brady* violation by Pegram. Pegram's PCR counsel even admitted that the likelihood of finding evidence of a *Brady* violation would be low, even with a full review of the record.

It is true that, under section 822.7, "[a]ll rules and statutes applicable in civil proceedings including pretrial and discovery procedures are available to the parties." Nevertheless, Pegram had his opportunity to litigate his PCR claims, including any *Brady* violation, within the statutory-time period in his first PCR application. The second time around, Pegram had to provide specific facts rather than mere legal conclusions to satisfy the requirements of chapter 822. *See Arnold v. State*, 540 N.W.2d 243, 246 (Iowa 1995). The mere filing of a subsequent PCR application does not entitle the applicant access to the discovery process, and to allow Pegram to do so would undermine the legislative intent behind the statutory-time limitation. That is not to say there are not circumstances where discovery may be appropriate, even outside the three-year time period. *See Moon*, ___

N.W.2d at ___ (holding PCR court's grant of summary disposition not appropriate because a genuine issue of material fact existed as to whether applicant could have raised the ground of fact earlier); *Schmidt*, ___ N.W.2d at ___ (holding PCR court's grant of summary disposition not appropriate where victim's "recantation was not available to Schmidt within the three-year period following the date of his conviction and Schmidt could not have discovered the recantation earlier than he did in the exercise of due diligence"); *Harrington*, 659 N.W.2d at 516, 521-25 (holding PCR court incorrectly found application was time barred where police reports were allegedly not disclosed in violation of *Brady* at the time of trial and were not discovered until well after PCR statute of limitations had run). But insofar as Pegram's second PCR application claimed a *Brady* violation, specific factual allegations were required to establish a genuine issue of material fact to survive summary disposition. *See, e.g.*, *Moon*, ___ N.W.2d at ___ (stating applicant's claim was "based on an alleged *Brady* violation arising from the State's failure to turn over exculpatory evidence, such as notes, statements, and interview reports of [a State's witness]"). Consequently, the PCR court did not err in dismissing the PCR application without allowing further time for review of the underlying criminal file.

### B. Ineffective Assistance.

As to his felony-murder constitutionality claims, Pegram maintains on appeal that his trial counsel was ineffective because he did not assert any arguments related to the Supreme Court's opinion in *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Welch*, the Court held a prior opinion finding a statutory provision void for vagueness was "a substantive decision and so has retroactive

effect under *Teague* [*v. Lane*, 489 U.S. 288 (1989)] in cases on collateral review." *Welch*, 136 S. Ct. at 1265. Pegram claims that *Welch* constitutes a change in law and allows *Heemstra* to be applied retroactively. Even assuming that assessment is accurate, *Welch* has no bearing on our statute-of-limitations analysis. *See Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016).

*Heemstra* was filed in 2006. Pegram's current PCR application was filed in 2016, more than three years after *Heemstra*. Pegram's application was therefore time barred. Even if PCR counsel had advanced an argument invoking *Welch*, Pegram's PCR application would still be time barred and the PCR court could not have reached his retroactivity claim. *See also Nguyen*, 878 N.W.2d at 754 (noting PCR counsel has "no duty to pursue a meritless claim"). Consequently, the PCR court did not err in granting the State's motion for summary disposition and dismissing Pegram's PCR application because it was time barred.

### *IV. Conclusion.*

Because Pegram's second PCR application was time barred, the court did not err in granting the State's motion for summary disposition and in dismissing the PCR application. Accordingly, we affirm the ruling of the district court.

**AFFIRMED.**