# IN THE COURT OF APPEALS OF IOWA

No. 20-0722
Filed February 17, 2021

**JACK LEWIS GOOD,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

Jack Good appeals the denial of his application for postconviction relief. **AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Jack Good appeals the denial of his application for postconviction relief. He argues the court erred in (1) dismissing his application on statute-of-limitations grounds and for failure to set forth specific facts upon which the application was based and (2) considering facts allegedly outside the record that flowed from the underlying criminal record that was allegedly not specifically judicially noticed by the court.[1] He also argues postconviction-relief counsel was ineffective in failing to file an amended application for postconviction relief and a resistance to the State's motion for summary disposition and in failing to move for a new trial due to the court's alleged consideration of facts outside the record.[2]

Good filed his application for postconviction relief in January 2019. The application verified judgment on his conviction of assault with intent to commit sexual abuse was entered in 1996, he was sentenced to two years in prison, and no appeal was taken. In his application, Good generally argued changes in sex-offender-registry laws over the past twenty years resulted in a violation of his 1996 plea agreement. The only change he highlighted is that he is now required to

---

[1] Any constitutional due-process or equal-protection claims in relation to the court's alleged errors were not raised or decided in the district court and are not preserved for appellate review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).
[2] Counsel on appeal notes: "It is possible that Good may wish to present the substantive issues raised in this case but Court never addressed." Counsel provides a laundry list of those issues, but no substantive arguments. He also requests that if any case decided while this appeal is pending declares unconstitutional new Iowa Code section 814.6A(1) (Supp. 2019), which prohibits a defendant from filing pro se documents in any Iowa court while represented by counsel and forbids courts from consider, that any such holding be applied to this appeal. But that provision applies to criminal defendants. Its postconviction-relief counterpart is found in section 822.3A(1). Either way, we have no pro se filings before us in this appeal, so we do not address the request.

register as a sex offender for life. Apparently relative to that claim, he stated his "sentence has expired, or probation, parole, or conditional release has been unlawfully revoked, or [he] is otherwise held in custody or other restraint." The State moved for dismissal on statute-of-limitations grounds pursuant to Iowa Code section 822.3 (2019).

At the ensuing hearing, the State echoed its statute-of-limitations argument. Good responded that his claim of being held or subject to a sentence that has expired was not subject to the statute of limitations. The State replied that Good failed to put forth sufficient facts to show his sentence expired. In its ensuing ruling, the court concluded the application was time-barred and failed to "specifically set forth the grounds upon which the application is based," as required by section 822.4. The court granted the State's motion to dismiss, and this appeal followed.

Appellate review of postconviction-relief proceedings is typically for correction of errors at law, but where claims of ineffective assistance of counsel are forwarded, our review is de novo. *See Diaz v. State*, 896 N.W.2d 723, 727 (Iowa 2017).

We first address Good's claim that the court erred by considering facts allegedly outside the record. Good argues the court inappropriately considered facts contained in the underlying criminal record, of which he claims the court did not take judicial notice. Specifically, he complains of the court considering the date he was sentenced, March 12, 1996. Good argues that Iowa Code section 822.6A, which took effect while his application is pending and automatically makes the underlying criminal file part of the record in a postconviction-relief proceeding, does not apply. He takes the position the statute only applies to applications both filed

and decided after the statute's effective date on July 1, 2019. But we need not decide whether the statute applies because, even if the court did not take judicial notice of the underlying file and then relied on it thereafter, Good suffered no prejudice from the same. Good's own application stated he was sentenced on his conviction in 1996 and did not appeal. That was sufficient to alert the court that the conviction or decision was final for statute-of-limitations purposes more than two decades before Good filed his application. In addition, the exact date of Good's sentencing was recited in the State's motion to dismiss and its attachment, as well as at the hearing on the motion to dismiss. We find no prejudicial error here. And counsel breached no duty resulting in prejudice in failing to move for a new trial based upon the court's alleged consideration of facts outside the record, so counsel was not ineffective as alleged in relation to this claim.

We turn to Good's claim dismissal on statute-of-limitations grounds was improper. Postconviction-relief "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. "However, this limitation does not apply to a ground of . . . law that could not have been raised within the applicable time period." *Id.* Good states his argument before the district court was that he was entitled to relief based on changes in the law since his 1996 plea, specifically changes to sex-offender-registry statutes contained in chapter 692A. He points only to statutory amendments made to chapter 692A in 2009. *See* 2009 Iowa Acts ch. 119, §§ 1–31. He claims these statutory amendments in 2009 amounted to "a ground of fact or law that could not have been raised within the applicable [limitations] period," so he has good cause to file his application

beyond three years the date his conviction was final, which was in 1996. But we have previously agreed that

> [i]f defendants were allowed to collaterally attack prior convictions every time the legislature changed a penal statute . . . , few convictions would ever be final. The courts would be swamped with revolving litigation for the same offense. Each defendant is entitled to a full and complete trial. The right does not extend to a new trial every time the law subsequently changes.

*Dryer v. State*, No. 02-1179, 2003 WL 22187437, at *3 (Iowa Ct. App. Sept. 24, 2003). Furthermore, Good did not file his application for postconviction relief within three years of the alleged new grounds of law effectuated by the 2009 legislative amendments to chapter 692A, so his application is time-barred. *See, e.g.*, *Smith v. State*, 882 N.W.2d 126, 127–28 & n.2 (Iowa Ct. App. 2016) (collecting cases). So we affirm the dismissal of Good's application on statute-of-limitation grounds. We need not address Good's claims the court erred in dismissing his application for failure to set forth specific facts upon which the application was based because dismissal was proper pursuant to the statute of limitations.

We turn to Good's claims postconviction-relief counsel was ineffective in failing to file an amended application or a written resistance to the State's motion to dismiss. These claims are largely based on the court alternatively dismissing Good's application for failure to set forth specific facts upon which the application was based. Good takes the position that counsel should have filed an amended application providing the court with facts sufficient to rule upon the application. He adds that a written resistance to dismissal would have provided the court "a more eloquent presentation of the facts" that "would have caused the district court to deny the State's motion to dismiss." He also claims these failures amounted to

structural error for failure to subject the State's motion to dismiss to meaningful adversarial testing. But Good provides us with no position on what facts should have been provided or what additional arguments should have been made. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) ("When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job. The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." (internal citation omitted)). In any event, we have already concluded dismissal was appropriate per the statute of limitations, so we find Good suffered no prejudice from counsel's failure to supply additional facts to stave off the district court's dismissal on the alternative ground—failure to set forth specific facts upon which the application was based. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting forth elements of claims of ineffective assistance of counsel); *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018) (same).

Finding no cause for reversal on the issues properly presented for our review, we affirm the denial of Good's application for postconviction relief.

**AFFIRMED.**