**IN THE COURT OF APPEALS OF IOWA**

No. 20-0883
Filed January 12, 2022


**ENRIQUE ABOITES GARCIA,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.


Enrique Garcia appeals the dismissal of his fourth application for postconviction relief. **AFFIRMED.**


Christine E. Branstad of Branstad & Olson Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.


Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

This is Enrique Garcia's fourth application for postconviction relief (PCR) stemming from his conviction for first-degree murder in 1998. The facts of the underlying case were summarized by our court on Garcia's direct appeal:

> [Garcia] and four companions were together on the evening of March 28, 1998. An unidentified man approached in a vehicle and talked to one of Garcia's companions. The man offered to pay Garcia and his companions $100 each to beat up Daniel Hernandez . . . who allegedly owed money for a drug transaction. The man led Garcia and his companions to Hernandez's home. Four of the men, including Garcia, entered the home where they assaulted Hernandez with a baseball bat and beer bottles. In the melee, one of the men shot Hernandez four times. Two bullets entered the victim's right leg, while the other two perforated both of his lungs and his stomach.[1]

In 2001, 2010, and 2014, Garcia filed applications for PCR, all of which were denied. The denials were upheld on appeal.[2]

Garcia filed his fourth PCR application—the current one—on June 24, 2019. After the State filed a motion to dismiss and a hearing was held, Garcia filed an amended application in February 2020. The district court dismissed all of Garcia's claims except his claims of actual innocence and newly discovered evidence. The State moved to reconsider. Garcia resisted and filed his own motion to reconsider. The court granted the State's motion to reconsider, denied Garcia's motion, and dismissed Garcia's PCR application entirely. Garcia appeals.

---

[1] *State v. Garcia*, No. 98-2266, 2000 WL 504505, at *1 (Iowa Ct. App. Apr. 28, 2000). We reversed Garcia's conviction and remanded for new trial. *Id.* at *6. Our supreme court vacated our opinion and affirmed Garcia's conviction. *State v. Garcia*, No. 98-2266, 2000 WL 33152383, at *1 (Iowa Nov. 16, 2000).

[2] *See Garcia v. State*, No. 05-1013, 2009 WL 1066520, at *8 (Iowa Ct. App. Apr. 22, 2009); *Garcia v. State*, No. 12-0690, 2013 WL 4506509, at *1 (Iowa Ct. App. Aug. 21, 2013); *Garcia v. State*, No. 15-1817, 2017 WL 936083, at *2 (Iowa Ct. App. Mar. 8, 2017).

## I. Scope and Standard of Review

Generally, we review the district court's denial of an application for PCR for errors at law.[3] Our application of the errors-at-law standard of review to PCR actions includes review of those summarily dismissed.[4] "[F]or a summary disposition to be proper, the State must be able to prevail as if it were filing a motion for summary judgment in a civil proceeding."[5] However, when a claim raises issues of a constitutional dimension, our review is de novo.[6] Likewise, to the extent an applicant's claim of actual innocence raises constitutional issues, our review is de novo.[7]

## II. Motion to Reconsider

Garcia contends the district court erred in granting the State's motion to reconsider, claiming the filing was improper under Iowa Rule of Civil Procedure 1.904(2). Garcia's claim fails for three reasons. First, Garcia failed to raise this issue in the district court. "Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in the trial court."[8] As Garcia failed to raise the issue, it is not preserved for our review on appeal.[9] Second, Garcia relies on an outdated version of the rules of civil procedure and cases interpreting the outdated rules in asserting the State's motion was improper because it merely "rehashed" legal issues. The version of the rules

---

[3] *Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021).

[4] *Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019).

[5] *Id.* (alteration in original) (quoting *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018)).

[6] *Doss*, 961 N.W.2d at 709.

[7] *Dewberry*, 941 N.W.2d at 4.

[8] *State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999).

[9] *See id.* at 327 (stating that, because error was not preserved, we reject the claim).

in effect at the time of the filings in this case superseded any rules or case law distinguishing between "proper" and "improper" rule 1.904(2) motions.[10]  As the State's motion sought reconsideration of the court's ruling, rule 1.904(2) was a proper procedural vehicle upon which to base the motion.  Third, the district court has inherent authority to reconsider its rulings so long as it still has jurisdiction over the case.[11]  The district court still had jurisdiction over this case when it reconsidered its ruling.  For all of these reasons, Garcia's challenge on this point fails.

## III.     Actual Innocence Claim

Other than his ineffective-assistance-of-counsel claims, which will be discussed later, Garcia's primary claim on appeal is that there is newly discovered evidence that shows he is actually innocent.  That evidence consists of an affidavit signed by J.M., one of the State's witnesses at Garcia's 1998 trial.  J.M. is one of Garcia's four companions from the night of the murder.  J.M.'s affidavit, signed in 2012, asserts that his trial testimony in Garcia's case was untruthful.[12]  Exactly

---

[10] *See* Iowa R. Civ. P. 1.904(2) cmt. (2019) (explaining that the rule is no longer limited to "proper" motions); *see also Downing v. Grossman*, No. 20-1124, 2021 WL 4593231, at *3–4 (Iowa Ct. App. Oct. 6, 2021) (detailing the changes to the rules that took effect March 1, 2017, that make it no longer necessary to determine whether a motion under rule 1.904(2) is "proper"), *further rev. granted* (Dec. 1, 2021).

[11] *Iowa Elec. Light & Power Co. v. Lagle*, 430 N.W.2d 393, 396 (Iowa 1988) ("A district court's power to correct its own perceived errors has always been recognized by this court, as long as the court has jurisdiction of the case and the parties involved.").

[12] Garcia also points to a second affidavit, signed in 2016 by a former cellmate of J.M.  The second affidavit purports to bolster J.M.'s claim that J.M. fabricated his testimony given during Garcia's trial.  Assuming without deciding that the bolstering affidavit would be relevant on the merits of Garcia's claim, this second affidavit has no bearing on the timeliness issue presented to us on this appeal.  On the issue of timeliness, it is Garcia's knowledge of J.M.'s affidavit that controls.

how the testimony was untruthful is not entirely clear from the affidavit.

### A. New Ground of Law or Fact

Based on J.M.'s affidavit, Garcia asserts he is actually innocent so his conviction should be vacated and he should be given a new trial. However, Garcia's claim runs into a significant statute-of-limitations problem. A PCR application must be filed within three years from the date the conviction is final or, if appealed, within three years of the date procedendo issued.[13] There is an exception to this limitation period if a new ground of law or fact is raised that could not have been raised within the three-year period.[14] Here, writ of procedendo on Garcia's direct appeal issued in 2000. He initiated this PCR application in June 2019. Because his current application was filed more than three years after issuance of procedendo affirming his conviction, in order to be successful, Garcia must show a ground of law or fact that could not have been raised within the three-year window.[15] Garcia asserts a new ground of both law and fact excuse his otherwise late filing.

Garcia claims *Schmidt v. State*[16] created a new ground of law that circumvents the three-year limitation period. We disagree. *Schmidt* changed the law by recognizing the right of a criminal defendant who has pleaded guilty to assert a freestanding claim of actual innocence in a PCR proceeding.[17] This was a change of law with respect to such defendants because, before *Schmidt*,

---

[13] Iowa Code § 822.3.
[14] *Id.*
[15] *See id.*
[16] 909 N.W.2d 778 (Iowa 2018).
[17] *Id.* at 781.

defendants who pleaded guilty could only attack "the voluntary and intelligent character" of their pleas.[18]  But Garcia did not plead guilty.  He was found guilty after trial.  As a result, *Schmidt* did not create a new ground of law that relieved Garcia of the obligation to file his PCR application within three years.

Garcia's claim that J.M.'s affidavit is a new ground of fact that excuses his otherwise untimely PCR application also fails.  The affidavit was signed in 2012.  It is undisputed that Garcia knew of the affidavit and its contents no later than May 2015, as Garcia communicated with his prior PCR counsel about the affidavit at that time.  Garcia filed this PCR application in June 2019, over four years after the latest date that he discovered J.M.'s affidavit.  Our case law establishes that, when a new case creates a ground-of-law that would entitle a criminal defendant to PCR, the PCR application must be filed within three years of the filing of the new case.[19]  The same logic applies to a new ground of fact.[20]  As Garcia did not file this PCR action within three years of his discovery of J.M.'s affidavit, his claim remains time-barred by section 822.3.

---

[18] *Id.*

[19] *See Nguyen v. State*, 829 N.W.2d 183, 187–89 (Iowa 2013) (applying the new ground-of-law exception when the PCR applicant files the application within three years of the case announcing change in law); *Clayton v. State*, No. 15-1826, 2016 WL 6636771, at *1 (Iowa Ct. App. Nov. 9, 2016) (noting that, when a case constitutes a change in law, a PCR claim based on the new ground of law established by the case must be brought within three years of the case's filing); *Perdue v. State*, No. 15-1237, 2016 WL 4036173, at *1 (Iowa Ct. App., July 27, 2016) (holding claim was time-barred when not filed "within three years of the cases that he contends changed the law"); *Smith v. State*, 882 N.W.2d 126, 127– 28 & n.2 (Iowa Ct. App. 2016) (collecting cases that require PCR applications based on a new ground of law to be filed within three years of the new case).

[20] *See Blackwell v. State*, No. 10-0681, 2012 WL 836766, at *4 (Iowa Ct. App. Mar. 14, 2012) (citing *Brewer v. Iowa Dist. Ct.*, 395 N.W.2d 841, 844 (Iowa 1986)) (concluding a PCR application based on a new ground of fact must be filed within three years of the discovery of that new ground of fact).

## B.     Alternative Claims

Garcia raises two alternative claims for relief from the statute of limitations that bars his claim.  First, he claims the doctrine of equitable tolling should be applied to keep his claim viable.  This claim fails because "equitable tolling does not apply to section 822.3."[21]  Second, he claims application of section 822.3 to bar his claim violates his due process rights protected by the Iowa Constitution and the United States Constitution.  This claim fails because the three-year "time limit in section [822.3] afforded defendant a reasonable opportunity to be heard, thus ensuring his federal and state due process rights."[22]

## IV.     Ineffective Assistance of Counsel (Relation Back)

For his final claim, Garcia asserts his prior PCR counsel provided ineffective assistance of counsel.  He claims the relation-back doctrine established in *Allison v. State*[23] permits his application to be heard outside the three-year limitation period set by section 822.3.  In *Allison*, our supreme court held:

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.[24]

---

[21] *Johnson v. State*, No. 19-1949, 2021 WL 210700, at *4 (Iowa Ct. App. Jan. 21, 2021); *see also Smith v. State*, No. 19-0384, 2020 WL 110398, at *1 & n.2 (Iowa Ct. App. Jan. 9, 2020) (collecting cases).
[22] *Davis v. State*, 443 N.W.2d 707, 711 (Iowa 1989).
[23] 914 N.W.2d 866 (Iowa 2018).
[24] *Id.* at 891.

### A.    Applying *Allison*

As a preliminary matter, we note that, in the legislative session that followed the filing of *Allison*, our legislature statutorily abrogated *Allison* by prohibiting a PCR application based on claims of ineffective assistance of counsel from "relat[ing] back to a prior filing to avoid the application of the limitation periods."[25] We do not need to decide here whether the statutory amendment applies to Garcia's PCR application, which was originally filed before the amendment took effect but was amended to its final form after the effective date.  This is because, even if not statutorily abrogated, Garcia's claim under *Allison* still fails.

The first reason his claim fails is because our court has repeatedly held that the *Allison* rule does not apply to third or subsequent PCR applications.[26]  Since this is Garcia's fourth PCR application, *Allison* is inapplicable.

Second, even if we were to apply *Allison* to this fourth PCR application, Garcia's claim fails because he does not meet the elements of an *Allison* claim. Those elements are: (1) the original PCR application alleging ineffective assistance of trial counsel had to be timely filed within the three-year limitation period of section 822.3; (2) the successive PCR application must allege "postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim"; and (3) the successive application "must be filed promptly after

---

[25] *See* 2019 Iowa Acts ch. 140, § 34.
[26] *See Dixon v. State*, No. 19-1886, 2021 WL 1907152, at *2 (Iowa Ct. App. May 12, 2021) (collecting cases that hold *Allison* applies only to a second PCR application and not to third or subsequent applications).

the conclusion of the first PCR action."[27]  Here, Garcia cannot meet the first or third element.

He does not meet the first element because he seeks to relate his fourth PCR application back to his third.  However, his third application was not filed within the three-year limitation period of section 822.3, so Garcia does not meet the first element of *Allison.*

He also does not meet the third element.  While "promptly" is not defined in *Allison*, our court has previously held that delays of "more than six months,"[28] "almost six months,"[29] and even so little as one hundred twenty-one days[30] are too long to meet the promptness requirement of *Allison.*  Even if we ignore the problems associated with Garcia seeking to relate his fourth PCR application back to his third application, his fourth application was filed more than twenty-five months after procedendo issued on Garcia's appeal of the denial of his third application.  Twenty-five months is not prompt.  The lack of promptness is even more pronounced if an attempt is made to relate his fourth filing back to his first or second PCR applications.  In short, *Allison* does not save Garcia's claim from summary dismissal because the claim is untimely.

## B.    Constitutional Challenges

Garcia's final effort to resuscitate his stale claim is to assert that failure to

---

[27] *Id.* (quoting *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *2 (Iowa Ct. App. Aug. 21, 2019)).

[28] *Harlston v. State*, No. 19-0627, 2020 WL 4200859, at *1 (Iowa Ct. App. July 22, 2020).

[29] *Polk*, 2019 WL 3945964, at *2.

[30] *Maddox v. State*, No. 19-1916, 2020 WL 5230367, at *3 (Iowa Ct. App. Sept. 2, 2020).

apply *Allison* violates his rights to equal protection and due process under the Iowa Constitution and the United States Constitution.

### 1. Equal Protection

The first step in any equal protection analysis "is to determine whether the challenged law makes a distinction between similarly situated individuals with respect to the purposes of the law."[31] If the challenger cannot show that the challenger is similarly situated, our courts do not consider further whether different treatment is permitted.[32] Here, Garcia is not similarly situated to a PCR applicant who meets the three elements of *Allison*. As previously noted, *Allison* applies to a PCR applicant filing the applicant's second PCR application promptly after denial of the applicant's first application when the second filing asserts that the first PCR counsel was ineffective. Garcia is a PCR applicant filing his fourth application that was not promptly filed after denial of his first, second, or third applications. He is not similarly situated to those who can effectively utilize *Allison*'s relation-back doctrine, so no further analysis of his equal protection claim is necessary.[33] Garcia's equal protection challenges under both constitutions fail.

### 2. Due Process

Garcia's due process challenges to the failure to apply *Allison* to his situation fail for the same reasons his due process challenges to section 822.3 fail. Garcia does not have a due process right to advance stale claims. The three-year limitation period of section 822.3 provided Garcia with "a reasonable opportunity

---

[31] *State v. Tucker*, 959 N.W.2d 140, 146 (Iowa 2021).
[32] *Id.*
[33] *Id.*

to be heard, thus ensuring his federal and state due process rights."[34]  *Allison* provides an exception to the three-year limitation period in limited situations.  The fact Garcia's situation is not one of those limited situations does not negate the fact that Garcia's due process rights were adequately honored.

**V.    Conclusion**

As we find no error in the district court's dismissal of Garcia's application, we affirm.

**AFFIRMED.**

---

[34] *Davis*, 443 N.W.2d at 711.