# IN THE COURT OF APPEALS OF IOWA

No. 17-1319
Filed September 12, 2018

**LANCE BROOKS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Black Hawk County, David F. Staudt,

Judge.

        Lance Brooks appeals the denial of his postconviction-relief application.

**AFFIRMED.**

        Dylan J. Thomas, Attorney at Law, Mason City, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.

        Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

Three men forced their way into a home, assaulted one of the occupants, and demanded money. The State charged Lance Brooks with first-degree robbery and first-degree burglary. *See* Iowa Code §§ 711.1, 711.2, 713.3 (2009). A jury found Brooks guilty as charged, and this court affirmed the judgment and sentence. *See State v. Brooks*, No. 11-0639, 2012 WL 3026546, at *1 (Iowa Ct. App. July 25, 2012).

Brooks filed an application for postconviction relief. Following a hearing, the district court denied the application. Brooks appealed.

## I.     *Ineffective Assistance of Trial Counsel – Sufficiency of Evidence*

The jury was instructed the State would have to prove several elements of first-degree robbery, including: "The Defendant or the person(s) the Defendant aided and abetted was armed with a dangerous weapon." The jury also was instructed the State would have to prove several elements of first-degree burglary, including: "During the incident the Defendant or the person(s) he aided and abetted: a. Possessed a dangerous weapon . . . ."

Brooks asserts there was insufficient evidence he was armed with a dangerous weapon and his trial attorney should have objected to the jury instructions to the extent they allowed the jury to find guilt based on his acts as a principal rather than an aider and abettor. He also contends the State could not rely on a theory of joint criminal conduct to support a finding he was armed with a dangerous weapon because the jury was not instructed on that theory.

To establish ineffective assistance, Brooks must show (1) deficient performance and (2) prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687

(1984). "A claim of ineffective assistance of trial counsel based on the failure of counsel to raise a claim of insufficient evidence to support a conviction is a matter that normally can be decided on direct appeal." *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004). "[I]f the record reveals substantial evidence, counsel's failure to raise the claim of error could not be prejudicial." *Id.*

Our de novo review of the trial record reveals the following facts concerning whether Brooks "was armed with" or "possessed" a dangerous weapon. Three men approached a home and knocked on the door. One of the men stood at the door while the other two entered the home and assaulted an occupant.

A second occupant testified she saw a "flash of silver," which she "knew was a gun." She was unable to describe which one of the two people "actually carried the gun." A third occupant stated, "I went and I opened up the door; and I looked through it, and all I seen was guns, and it was pushed open."

A police officer testified he was approached by a woman who told him there "were people with guns inside of her house." He "believe[d]" the woman used "guns" rather than a "gun." He used the plural version in his report. A lieutenant similarly testified he was told the men "were armed with guns."

Some testimony suggests the assailants entered the home with only one gun and a person other than Brooks wielded it. But a reasonable juror could have given less credence to this testimony. *See State v. Shorter*, 893 N.W.2d 65, 74 (Iowa 2017) (stating questions of witness credibility are for the jury).

The record contains substantial evidence Brooks acted as a principal. Accordingly, Brooks was not prejudiced by his trial attorney's failure to challenge

the sufficiency of the evidence supporting the findings of guilt or the inclusion of a principal theory of guilt in the jury instructions.

We turn to the joint criminal conduct theory. Brooks argues, "The PCR court erred in relying on a joint criminal conduct reasoning for denying [his] claim" "because joint criminal conduct was not alleged in the trial information, was not defined or instructed to the jury in the jury instructions, and was not argued by the State at the criminal trial." Brooks also may be arguing his trial attorney was ineffective in failing to address the issue.

We find no indication the postconviction court relied on a joint criminal conduct theory in resolving Brooks' challenge to the sufficiency of the evidence and the marshalling instructions. *See* Iowa Code § 703.2 (defining joint criminal conduct); *State v. Tyler*, 873 N.W.2d 741, 752 (Iowa 2016) (stating joint criminal conduct contemplates two acts: the crime in which the actor has knowingly participated and a second unplanned crime that reasonably could be expected to occur in furtherance of the crime). Nor can we discern that the prosecution relied on this theory at trial.[1] Accordingly, Brooks' trial attorney was not ineffective in failing to object to this theory.

## II. *Ineffective Assistance – Definition of Dangerous Weapon*

A jury instruction defined "dangerous weapon" as follows:

> A "dangerous weapon" is any device or instrument designed primarily for use in inflicting death or injury, and when used in its designed manner is capable of inflicting death. It is also any sort of instrument or device which is actually used in such a way as to

---

[1] At the postconviction relief hearing, Brooks' attorney testified joint criminal conduct "was one of the theories" at trial. But, with the exception of scattered references to individuals acting "in concert," there is scant if any indication that the theory was an alternative basis for finding guilt.

indicate the user intended to inflict death or serious injury, and when so used is capable of inflicting death.

You are instructed that a Bryco Adams 933 Jennings 9mm semiautomatic handgun is, by law, a dangerous weapon.

Brooks challenged the instruction on direct appeal. *See State v. Brooks*, No. 11-0639, 2012 WL 3026546, at *1 (Iowa Ct. App. July 25, 2012). He argued an inoperable unloaded weapon was not a dangerous weapon. This court rejected the argument.

During the postconviction proceedings, Brooks contended his trial and appellate attorneys "failed to provide an alternative" basis for overturning the instruction, namely that "it allowed the judge, and not the jury to determine whether it was a dangerous weapon beyond a reasonable doubt." The postconviction court rejected the argument. The court reasoned that the jury "was still required to determine if a dangerous weapon was actually used or carried by the perpetrators of the robbery."[2]

On appeal, Brooks contends his trial and appellate attorneys should have challenged the instruction under case law requiring juries to determine "an enhancing element of the crime." *See* Iowa Code § 902.7 (declaring a person who "was armed with a dangerous weapon while participating in a forcible felony . . . shall serve a minimum of five years of the sentence imposed by law"); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding "[o]ther than the fact of a prior

---

[2] Brooks also argued the instruction created an unconstitutional mandatory presumption. *See Sandstrom v. Montana*, 442 U.S. 510, 515 (1979) (finding a jury instruction unconstitutional after noting "Sandstrom's jurors were told that '[t]he law presumes that a person intends the ordinary consequences of his voluntary acts.' They were not told that they had a choice, or that they might infer that conclusion; they were told only that the law presumed it. It is clear that a reasonable juror could easily have viewed such an instruction as mandatory"). The postconviction court did not rely on this argument. Neither do we.

conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). Brooks asserts, "Under *Apprendi*, it was solely the province of the jury to determine whether that firearm was a 'dangerous weapon.'"

The Iowa Supreme Court addressed a similar argument in *State v. Walker*, 856 N.W.2d 179, 188 (Iowa 2014). The court stated: *"Apprendi* does not establish a right to have a sentencing enhancement found by the jury. Rather, it establishes a right to have the underlying facts that support the enhancement found by the jury." *Walker*, 856 N.W.2d at 188.

The underlying facts were established by the jury. Specifically, the jury was asked to answer the following interrogatory: "Do you find the Defendant or the person(s) he aided and abetted was armed with a dangerous weapon, displayed a dangerous weapon in a threatening manner, or represented that he had a dangerous weapon?" The jury answered, "Yes." At sentencing, the district court relied on this interrogatory answer in imposing the dangerous weapons enhancement. There was no violation of *Apprendi*, and neither Brooks' trial attorney nor his appellate attorney was ineffective in failing to raise an *Apprendi* challenge to the jury instruction.

## III.     *Juror Misconduct and Pro Se Claims*

Brooks contends either his trial attorney, appellate attorney, or both were ineffective in (i) failing to call a lab technician, (ii) failing to object to the testimony of an officer about a lab report, (iii) failing to move for a mistrial when "the prosecutor repeatedly and directly threatened two alibi witnesses with the penalty of perjury," (iv) failing to advise him about the desirability of accepting the State's

plea offer to second-degree robbery, (v) failing to argue the district court abused its discretion in denying his motion for judgment of acquittal, and (vi) failing to address a juror misconduct issue. He argues the postconviction court erred in "failing to consider" these issues and, alternatively, postconviction counsel was ineffective in "failing to ensure that [his] pro se claims and the juror misconduct claim were ruled on by the court."

The postconviction court found Brooks failed to present evidence on these issues at the postconviction hearing. That is indeed the case. Without waiving these issues, postconviction counsel elected to focus on three other issues at the postconviction hearing. The record made prior to the postconviction hearing was the only record on these issues.

Brooks does not provide references to that record. Accordingly, we conclude Brooks waived error. *See Olson v. Olson*, 180 N.W.2d 427, 429 (Iowa 1970) (concluding the issue was waived where there was no "reference to any relevant pages and lines in the record").[3]

## IV.   Challenge to New Trial Motion

Brooks contends his trial and appellate attorneys were ineffective in "failing to file a new trial motion contending the verdict" was "against the weight of the

---

[3] We have the benefit of the trial record on some of the issues. But without record cites, we would have to speculate on precisely what portion of the voluminous record Brooks intends us to consider. For example, the first two issues appear to relate to two department of criminal investigation lab reports offered and admitted without objection through a police officer; the third issue appears to relate to two witnesses called by the defense; the fifth issue appears to relate to "dangerous weapon" evidence; and the sixth issue appears to relate to a juror who was questioned after trial. But we do not know for sure. If we were to decide the issues based on our perception of the relevant record, we would be serving as an advocate for Brooks. We decline to do so. *See State v. Coleman*, 890 N.W.2d 284 304 (Iowa 2017) (Waterman, J. dissenting) ("Judges cannot assume the role of a partisan advocate and do counsel's work.").

evidence." His argument is premised on his belief that there was inadequate evidence to "support a finding that [he] was both the principal, who possessed a dangerous weapon, and also an aider and abettor."

The weight-of-the-evidence standard "involves questions of credibility, and requires the district court to determine whether more credible evidence supports one side or the other." *Shorter*, 893 N.W.2d at 70. Although district courts are vested with "wide discretion in deciding motions for new trial," they are to exercise their discretion "carefully and sparingly" under the weight-of-the-evidence standard. *See State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1988). The postconviction court rejected this argument on the ground that Brooks "could be convicted as an aider and abettor without having a weapon on his person." We agree with this reasoning. We conclude Brooks' trial attorney was not ineffective in failing to raise a weight-of-the-evidence challenge in his new trial motion and his appellate attorney was not ineffective in failing to raise an ineffective assistance of trial counsel claim on this issue.

## V.    *Right to Testify*

The postconviction court rejected Brooks' argument that he was not afforded the opportunity to testify. The court found the testimony of Brooks' trial attorney "more credible."

On appeal, Brooks argues "the PCR court erred in weighing [his] testimony against the trial counsel's testimony, and should have found that [he] had a better recollection of events." He raises the issue under an ineffective-assistance-of-trial-counsel rubric.

Our de novo review reveals the following facts. At the postconviction hearing, Brooks testified he "was never advised" of his "right to testify on [his] own behalf by counsel."

Brooks' attorney countered, "That would be completely untrue." He testified, "I've never done a trial where I haven't discussed that with a defendant and discussed the pros and cons of testifying. . . . I would have made a record if he was going to testify and it would have been against my legal advice." He stated his advice "[w]ould have been not to testify." In his view, there would have been no "positive coming out of" testifying, "given the evidence against [Brooks]." He agreed a jury instruction stating Brooks did not testify and the jury was not permitted to draw an adverse inference from that would have been included at his behest. He reiterated, "I can't recall ever not discussing [the decision to testify] and the pros and cons."

Although Brooks' attorney could not recall the specifics of his conversation with Brooks, his testimony about his normal practice concerning a defendant's right to testify was unequivocal and, as noted, the postconviction court found him more credible than Brooks. We give weight to the court's credibility finding. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). On our de novo review, we agree with the postconviction court that Brooks' trial attorney was not ineffective.

## VI. *Difference in Co-defendant's Conviction*

The postconviction court concluded the fact that the co-defendant was convicted of a lesser charge with a different jury and different evidence did not allow Brooks to argue that he should only be convicted of the lesser charge. Brooks takes issue with this conclusion but makes no argument and cites no

authority. We consider the issue waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *State v. Vaughan*, 859 N.W.2d 492, 503 (Iowa 2015) (finding failure to present argument "in support of his contention" amounted to waiver of issue).

## VII.    *Refusal to Merge Charges*

Brooks argues the postconviction court erred in determining that the charges should not have merged. He makes no further argument and cites no authority for the proposition. We consider the issue waived. *See* Iowa R. App. P. 6.903(2)(g)(3); *Vaughan*, 859 N.W.2d at 503 (finding failure to present argument "in support of his contention" amounted to waiver of issue).

## VIII.   *Sufficiency of Trial Information*

Brooks asserts the postconviction court erred in rejecting his argument that the aiding and abetting theory should have been included in the trial information. We could conclude Brooks waived error by failing to cite authority or make argument. *See* Iowa R. App. P. 6.903(2)(g)(3); *Vaughan*, 859 N.W.2d at 503 (finding failure to present argument "in support of his contention" amounted to waiver of issue). We elect to reach the merits. We simply note the postconviction court was correct in concluding "[t]here is no requirement that aiding and abetting be listed as part of the trial information." *See State v. Black*, 282 N.W.2d 733, 735 (Iowa 1979) (stating aiding and abetting language in the trial information would constitute "surplusage" and holding "there was no fatal variance between the information charging the defendant as a principal and the proof that he was an aider and abettor to the robber who held the gun"); *accord Gibler v. State*, No. 15-2222, 2017 WL 512485, at *3 (Iowa Ct. App. Feb. 8, 2017) ("A party does not need

to be charged with aiding and abetting to warrant an instruction on aiding and abetting.").

## IX.    *Legality of Sentence*

During the postconviction proceedings, Brooks asserted he was not in possession of a firearm and, accordingly, his sentence was illegal.   The postconviction court summarily rejected the argument.  On appeal, Brooks simply contends, "the reviewing court should review the PCR court's decision and determine if the PCR court erred in determining that there was no illegal sentence." Having found substantial evidence to support the possession-of-a-dangerous-weapon element, we conclude the postconviction court did not err in rejecting the illegal-sentence argument to the extent it was premised on the sufficiency of the evidence supporting the dangerous weapon element.   If the illegal sentence argument was premised on something else, we conclude Brooks waived error by failing to cite authority.  *See* Iowa R. App. P. 6.903(2)(g)(3); *Vaughan*, 859 N.W.2d at 503 (finding failure to present argument "in support of his contention" amounted to waiver of issue).

## X.    *Cumulative Error*

Brooks argues cumulative error infected the trial proceedings.   Having discerned no error, we need not address this argument further.

We affirm the postconviction court's denial of Brooks' postconviction-relief application.

**AFFIRMED.**